IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KATERINA B. EYRE, TIM FREEMAN, MAZAMA SPORTING GOODS, NATIONAL SHOOTING SPORTS FOUNDATION,** and **OREGON STATE SHOOTING ASSOCIATION,**<br><br>Plaintiff**s**,<br><br>v.<br><br>**ELLEN ROSENBLUM**, in her official capacity as Attorney General of the State of Oregon, and **TERRIE DAVIE, in her official capacity as Superintendent of the Oregon State Police**,<br><br>Defendants. | Case No. 3:22-cv-01862-IM<br><br>**ORDER** |

**IMMERGUT, District Judge.**

Before this Court is a Motion for a Temporary Restraining Order ("TRO"), ECF 5, brought by Plaintiffs Katerina B. Eyre, Tim Freeman, Mazama Sporting Goods, National Shooting Sports Foundation, and Oregon State Shooting Association's (collectively,

PAGE 1 – ORDER

"Plaintiffs"). Plaintiffs ask this Court for an order enjoining Ballot Measure 114 ("Measure 114"), which amends Oregon law to require individuals to obtain a permit before purchasing a firearm and by prohibiting the manufacture, transfer, sale, possession, and use of large-capacity magazines, defined as magazines that can accept more than ten rounds of ammunition, subject to certain exceptions. Measure 114 §§ 4, 11.

Plaintiffs in this case bring both a facial and as-applied challenge to the constitutionality of Measure 114. ECF 5 at 3. Specifically, Plaintiffs allege that Measure 114's restrictions on large-capacity magazines and permit-to-purchase provision violate their rights under the Second, Fifth, and Fourteenth Amendments. *Id.*

This Court adopts its reasoning set forth in *Oregon Firearms Federation et al. v. Brown et al.*, 2:22-cv-01815-IM, ECF 39. Accordingly, Plaintiffs' Motion for a Temporary Restraining Order, ECF 5, is DENIED. Because Defendants have asked this Court to postpone implementation of Measure 114's permit requirement, ECF 19, this Court stays implementation of those requirements for 30 days, consistent with *Oregon Firearms Federation et al. v. Brown et al.*, 2:22-cv-01815-IM, ECF 39 at 4.

Nevertheless, Plaintiffs are entitled to a prompt hearing to determine whether a preliminary injunction should issue based on a more complete evidentiary record. The parties are ordered to confer and propose a briefing schedule to this Court by December 9, 2022.

**IT IS SO ORDERED.**

DATED this 7th day of December, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 2 – ORDER