**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Hannah K. Hoffman, OSB #183641**
HannahHoffman@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR  97201-3412
(503) 295-3085

      Special Assistant Attorneys General for Defendants
      Additional Counsel of Record Listed on Signature Page

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KATERINA B. EYRE, TIM FREEMAN, MAZAMA SPORTING GOODS, NATIONAL SHOOTING SPORTS FOUNDATION, and OREGON STATE SHOOTING ASSOCIATION<br><br>                  Plaintiffs,<br><br>     v.<br><br>ELLEN ROSENBLUM, Attorney General of Oregon, and TERRI DAVIE, Superintendent of the Oregon State Police,<br><br>                  Defendants. | Case No. 3:22-cv-01862-IM<br><br>**JOINT STATUS REPORT** |

**I.**    **This Court's Stay of Enforcement of the Permit-to-Purchase Requirement**

The parties continue to confer regarding a joint stipulation to extend this Court's

temporary restraining order of the permit-to-purchase requirement to 11:59 p.m. on February 7,

2023. The parties anticipate filing a joint stipulation to that effect by December 15. If they cannot reach agreement by that time, they will file a joint status report regarding the outstanding issues relating to such an extension. If the parties cannot reach a stipulation, the parties will request the Court resolve the disagreement before its present order expires at the end of January 6, 2023.

## II.     Permit-to-Purchase Preliminary Injunction Schedule

The parties propose the following schedule for Plaintiffs' motion(s) for a preliminary injunction of Measure 114's permit-to-purchase provisions:

| | |
|---|---|
| December 15 | Parties' joint status report |
| December 19 | Status conference with the Court |
| January 4 | Plaintiffs' amended complaints (if any) |
| January 4 | Plaintiffs' motion for a preliminary injunction (or supplemental memo, if any, in support of existing motion) with Plaintiffs' witness statements (if any) |
| January 5–12 | Depositions of Plaintiffs' preliminary injunction witnesses |
| January 11 | Amicus briefs in favor of Plaintiffs |
| January 13 | Defendants' response to motion with Defendants' witness statements |
| January 17 | Amicus briefs in favor of Defendants |
| January 17–20 | Depositions of Defendants' preliminary injunction witnesses |
| January 18 | Plaintiffs' reply |
| January 20, noon | Exhibit lists due |
| January 23–24 | Hearing (live testimony[1] and argument) |
| 45 days after order on preliminary injunction | Defendants' responses to complaints that do not include large-capacity magazine allegations |

---

[1] The parties request that Court allow counsel and witnesses to appear by video.

**Page 2 -    JOINT STATUS REPORT**

All filings must be made by 4 p.m. on the date due. All depositions are presumptively limited to three hours per witness. The parties stipulate that their agreement to this schedule is not evidence of a lack of irreparable harm from the temporary restraining order or a lack of urgency of the issues before the Court.

III.    **Ammunition Magazines Preliminary Injunction Schedule**

The parties propose the following schedule for Plaintiffs' motion(s) for a preliminary injunction of Measure 114's ammunition magazine provisions:

| | |
|---|---|
| December 15 | Parties' Joint Status Report |
| December 19 | Status conference with the Court |
| January 4 | Plaintiffs' amended complaints (if any) |
| January 4 | Plaintiffs' motion(s) for a preliminary injunction (or supplemental memo, if any, to existing motion) with declarations and exhibits (if any) |
| January 11 | Amicus briefs in support of Plaintiffs |
| January 11 | Parties' proposal(s) on Rule 706 witness(es), if any |
| January 11–18 | Depositions of Plaintiffs' declarants |
| February 1 | Defendants' response with declarations and exhibits |
| February 5 | Amicus briefs in support of Defendants |
| February 2–8 | Depositions of Defendants' declarants |
| February 8 | Plaintiffs' reply(ies) |
| February 9 | Parties' proposal(s) on live witnesses at hearing[2] |
| February 10 | Deposition designations (all parties) |
| February 14 | Deposition counter-designations (all parties) |
| February 16 | Hearing[3] |
| 45 days after order on preliminary injunction | Defendants' responses to all remaining complaints |

---

[2] The parties do not anticipate live witnesses to be called at the hearing on Plaintiffs' motion to preliminarily enjoin the ammunition magazine provisions. If any party wishes to call a witness for direct or cross-examination at that hearing, they will confer with the other parties by February 2 and report to the Court on the parties' positions on such testimony by February 9.

[3] The parties request that the Court allow counsel to appear by video.

**Page 3 -   JOINT STATUS REPORT**

All filings must be made by 4 p.m. on the date due. All depositions are presumptively limited to three hours per witness. The parties stipulate that their agreement to this schedule is not evidence of a lack of irreparable harm or a lack of urgency of the issues before the Court.

IV.     **Harney County Circuit Court's Temporary Restraining Order**

Defendants inform the Court that on December 6 the Circuit Court for Grant and Harney County entered the attached order "temporar[il]y restrain[ing defendants] from enforcing Ballot Measure 114 as of 12:01 a.m. on December 8, 2022." *Arnold v. Brown*, No. 22CV41008 (complaint filed Dec. 2, 2022). By rule, that order is limited to 10 days. ORCP 79 B(2)(a). The state court defendants sought review of the temporary restraining order in the Oregon Supreme Court by filing an application for a writ of mandamus and a motion to stay, which the Supreme Court denied in a summary order. No. S069923 (Or. Dec. 7, 2022).

The Circuit Court has scheduled a preliminary injunction hearing for December 13.

DATED this 9th day of December, 2022.

| | |
|---|---|
| CLEMENT & MURPHY, PLLC | ELLEN ROSENBLUM<br>ATTORNEY GENERAL<br>FOR THE STATE OF OREGON |
| *s/ Matthew D. Rowen* | *s/ Harry B. Wilson* |
| Matthew D. Rowen<br>Paul D. Clement<br>Erin E. Murphy<br>Trevor W. Ezell<br>Nicholas M. Gallagher<br>*pro hac vice attorneys*<br>*Attorneys for Plaintiffs* | Harry B. Wilson, OSB #077214<br>HarryWilson@MarkowitzHerbold.com<br>Hannah K. Hoffman, OSB #183641<br>HannahHoffman@MarkowitzHerbold.com<br>*Special Assistant Attorneys General for Defendants* |
| JURISLAW LLP<br>Shawn M. Lindsay, OSB #020695<br>shawn@jurislawyer.com<br>*Attorneys for Plaintiffs* | Brian Simmonds Marshall<br>brian.s.marshall@doj.state.or.us<br>*Of Attorneys for Defendants* |

Page 4 -   **JOINT STATUS REPORT**

## ECF CERTIFICATION

The filing attorney attests that he has obtained concurrence regarding the filing of this document from plaintiffs' counsel signatories to this document.

Date: December 9th, 2022

*s/ Harry B. Wilson*
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com

1377612

Page 5 -   JOINT STATUS REPORT