Shawn M. Lindsay
shawn@jurislawyer.com
Daniel J. Nichols
dan@jurislawyer.com
JurisLaw LLP
Three Centerpointe Drive, Suite 160
Lake Oswego, OR 97035
Telephone: (503) 968-1475

*Attorneys for Eyre Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| OREGON FIREARMS FEDERATION, INC., et al.,<br><br>     Plaintiffs,<br><br>  v.<br><br>TINA KOTEK, et al.,<br><br>     Defendants. | Case No. 2:22-cv-01815-IM *(Lead Case)*<br>Case No. 3:22-cv-01859-IM *(Trailing Case)*<br>Case No. 3:22-cv-01862-IM *(Trailing Case)*<br>Case No. 3:22-cv-01869-IM *(Trailing Case)*<br><br>CONSOLIDATED CASES |
| MARK FITZ, et al.,<br><br>     Plaintiffs,<br><br>  v.<br><br>ELLEN F. ROSENBLUM, et al.,<br><br>     Defendants. | **PLAINTIFFS' CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |
| KATERINA B. EYRE, et al.,<br><br>     Plaintiffs,<br><br>  v.<br><br>ELLEN F. ROSENBLUM, et al.,<br><br>     Defendants. | |
| DANIEL AZZOPARDI, et al.,<br><br>     Plaintiffs,<br><br>  v.<br><br>ELLEN F. ROSENBLUM, et al.,<br><br>     Defendants. | |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES.................................................................................................ii

INTRODUCTION ..........................................................................................................1

PROCEDURAL HISTORY ..............................................................................................2

ARGUMENT ................................................................................................................3

I.    Defendants' Motion Is Premature, Legally Barred, And Would Fail In Any Event............3

II.   Defendants Are Not Entitled To Qualified Immunity..........................................7

CONCLUSION..............................................................................................................8

## TABLE OF AUTHORITIES

**Cases**

*Arnold v. Brown*, No. 22CV41008 (complaint filed Dec. 2, 2022)................................. 3

*Ass'n of N.J. Rifle & Pistol Clubs v. Attorney Gen. N.J.*,
    910 F.3d 106 (3d Cir. 2018), *abrogated by N.Y. State Rifle & Pistol Ass'n, Inc.*
    *v. Bruen*, 142 S. Ct. 2111 (2022)......................................................................... 7

*Barnett v. Raoul*,
    2023 WL 3160285 (S.D. Ill. Apr. 28, 2023) ......................................................... 8

*Bell v. Burson*,
    402 U.S. 535 (1971).............................................................................................. 7

*Bolender v. Carnival Corp.*,
    2014 WL 12527190 (S.D. Fla. Apr. 7, 2014) ........................................................ 4

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't Health & Human Servs.*,
    532 U.S. 598 (2001).............................................................................................. 6

*Cnty. of Sacramento v. Lewis*,
    523 U.S. 833 (1998).............................................................................................. 7

*Duncan v. Bonta*,
    19 F.4th 1087 (9th Cir. 2021), *cert. granted, judgment vacated*, 142 S.Ct. 2895
    (2022)..................................................................................................................... 8

*Durousseau v. United States*,
    10 U.S. (6 Cranch) 307 (1810).............................................................................. 7

*Friedman v. City of Highland Park*,
    784 F.3d 406 (7th Cir. 2015), *abrogated by N.Y. State Rifle & Pistol Ass'n, Inc. v.*
    *Bruen*, 142 S. Ct. 2111 (2022) ............................................................................. 7

*Heller v. District of Columbia*,
    670 F.3d 1244 (D.C. Cir. 2011), *abrogated by N.Y. State Rifle & Pistol Ass'n, Inc.*
    *v. Bruen*, 142 S. Ct. 2111 (2022) ......................................................................... 7

*In re: NCAA Athletic Grant-in-Aid Cap Antitrust Litig.*,
    2016 WL 4154855 (N.D. Cal. Aug. 5, 2016)........................................................ 5

*Kenall Mfg. Co. v. Cooper Lighting, LLC*,
    354 F.Supp.3d 877 (N.D. Ill. 2018) .................................................................. 3, 4

*Kolbe v. Hogan*,
849 F.3d 114 (4th Cir. 2017), *abrogated by N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) ............................................................................. 7

*Munro v. Fairchild Tropical Botanic Garden, Inc.*,
2021 WL 894380 (S.D. Fla. Mar. 3, 2021) ...................................................... 5

*N.Y. State Rifle & Pistol Ass'n v. Cuomo*,
804 F.3d 242 (2d Cir. 2015), *abrogated by N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) ................................................................. 7

*N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*,
142 S. Ct. 2111 (2022) ................................................................................... 7

*N.Y. State Rifle & Pistol Ass'n, Inc. v. City of N.Y.*,
140 S.Ct. 1525 (2020) ................................................................................... 6

*Se. Promotions, Ltd. v. Conrad*, 420 U.S. 546 (1975) .................................... 7

*United States v. Real Prop. & Improvements Located at 2366 San Pablo Ave.*,
2013 WL 6774082, (N.D. Cal. Dec. 23, 2013) .............................................. 3

*Uzuegbunam v. Preczewski*,
141 S.Ct. 792 (2021) ..................................................................................... 6

*Worman v. Healey*,
922 F.3d 26 (1st Cir. 2019), *abrogated by N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) ................................................................. 7

**Statutes**

42 U.S.C. §1983 .............................................................................................. 6

42 U.S.C. §1988(b) ......................................................................................... 6

Measure 114 ......................................................................................... 1, 2, 3, 5, 6, 7

**Other Authorities**

5C Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.*
§1367 (3d ed. 2023) ....................................................................................... 6

*Ballot Measures: Measure 114*, OREGONIAN, *available at* https://bit.ly/3U2ZOz4
(last visited May 9, 2023) .............................................................................. 2

Maxine Bernstein, *Oregon's Measure 114, Strict New Gun Limits Go Into Effect Even Sooner, State Says*, The Oregonian (Nov. 18, 2022), *available at* https://bit.ly/3GINalU .................................................................................... 2

Stephen Gutowski, *Oregon Gun-Control Initiative Faces Immediate Legal Peril After Slim Victory*, The Reload (Nov. 15, 2022), *available at* https://bit.ly/3tWCMzh .................................................................................................... 2

**Rules**

Federal Rule of Civil Procedure 12(c) ............................................................... 1, 3, 4, 5

**Constitutional Provisions**

Due Process Clause............................................................................................................ 1, 7

U.S. Const. amend. II....................................................................................................... 6

## INTRODUCTION

On the eve of trial, Defendants are attempting to use a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) improperly to trim parts of Plaintiffs' contentions. It is well settled that Rule 12(c) cannot be used to attack anything less than a complete cause of action. Yet Defendants' Motion for Partial Judgment on the Pleadings seeks not judgment on any cause of action, but merely to pretermit Plaintiffs' ability to recover a particular remedy should Plaintiffs prevail on their claims.

That is reason enough to deny Defendants' Motion. But additional reasons abound. Even if this Court were inclined to allow Defendants to use Rule 12(c) to knock out a potential remedy as opposed to an entire cause of action, Defendants' Motion is either not yet timely or self-defeating. The state seeks to forever foreclose Plaintiffs' ability to recover nominal damages from Defendants for enforcing Measure 114's restrictions on law-abiding citizens' ability to acquire firearms and its flat ban on common magazines. Yet while Defendants are correct that they have not yet enforced any part of Measure 114, that is only because they are enjoined from doing so by state-court order. Defendants clearly want that state of affairs to change; they are litigating vigorously to vitiate the injunction. It makes no sense to try to foreclose Plaintiffs from recovering a remedy for an injury that Defendants are actively seeking permission to inflict. And it is particularly incoherent to try to do so when the Defendants have represented to this Court that they cannot implement Measure 114's novel permitting regime in a manner that would actually allow anyone to be able to acquire a firearm. But for the state-court order, in other words, Defendants would currently be enforcing a permitting system *with which it is impossible to comply*. That would violate clearly established law under the Due Process Clause, which vitiates Defendants' qualified immunity arguments.

The best course of action, then, would be to deny the Motion without prejudice to Defendants raising whatever arguments they want to raise about remedies if and when the time to grant a remedy comes.  But if Defendants insist on having this Court reach the arguments in its Motion now, then this Court should reject them.

## PROCEDURAL HISTORY

On November 8, 2022, Oregon voters approved Measure 114 by a margin of 50.6% to 49.4%.  *See Ballot Measures: Measure 114*, Oregonian, https://bit.ly/3U2ZOz4 (last visited May 9, 2023).  At the time, "[s]upporters of the initiative claim[ed] there will be plenty of time, potentially even months, for lawmakers and law-enforcement officials to work out the details." Stephen Gutowski, *Oregon Gun-Control Initiative Faces Immediate Legal Peril After Slim Victory*, The Reload (Nov. 15, 2022), https://bit.ly/3tWCMzh.  That promise was essential, given the new mechanisms required for successful implementation:  The State Police had to create an entirely new background-check system from scratch, as well as a workable electronic database and new rules to administer the Measure; sheriffs and regulated parties had to set up corresponding systems and rules; and someone (it was not clear who) had to provide the new training courses Measure 114 requires applicants to take and pass before they can acquire a firearm.

But the now-resigned Oregon Secretary of State had other ideas:  She set Measure 114's effective date as *December 8, 2022*—before even the final votes on Measure 114 had been certified, much less before the necessary arrangements to administer the system could be put into place.  *See* Maxine Bernstein, *Oregon's Measure 114, Strict New Gun Limits Go Into Effect Even Sooner, State Says*, The Oregonian (Nov. 18, 2022), https://bit.ly/3GINalU.

Between the passage of the ballot measure and the (new and accelerated) implementation date, Plaintiffs in this since-consolidated action sued in federal court.  A separate group of plaintiffs sued in state court, in the Circuit Court for Grant and Harney County.  *See Arnold v. Brown*,

No. 22CV41008 (complaint filed Dec. 2, 2022).  On December 6, 2022, the Harney County Court granted a temporary restraining order, *see* Dkt.52 at 4, and on December 15, 2022, it issued a preliminary injunction, *see* Dkt.61-2.[1]  Under the terms of that ruling, the state may not enforce any part of Measure 114.  Dkt.61 at 9; *see* Dkt.61-3.

Meanwhile, this Court denied a motion for a temporary restraining order on December 6, 2022.  *See* Dkt.39.  But because the state was unable to make the system for administering the permitting provisions work, the state agreed to a thirty-day stay, which this Court approved.  *Id.* at 4, 43.  The inability to make the permitting system work proved recurring, and Defendants had to agree to a subsequent stay until March 7, 2023.  *See* Dkt.69 at 2; Dkt.70.  Though that stay expired, the state remains bound by the terms of the Harney County Court's rulings.  In the interim, discovery has been underway, and it remained ongoing when the instant motion was filed.  Pretrial motions are due imminently, and trial is set to begin on June 5.

## ARGUMENT

### I.    Defendants' Motion Is Premature, Legally Barred, And Would Fail In Any Event.

At the outset, Defendants' Motion fails for a simple reason.  "Rule 12(c) does not permit 'judgment' on part of a claim or defense." *Kenall Mfg. Co. v. Cooper Lighting, LLC*, 354 F.Supp.3d 877, 896 (N.D. Ill. 2018) (denying Rule 12(c) motion).  "Though courts have often entertained motions for partial judgment on the pleadings with respect to a particular cause of action or affirmative defense"—i.e., courts have allowed Rule 12(c) motions that attack one cause of action in its entirety but not all causes of action in a complaint—they have drawn the line at "[l]ess than a full cause of action." *United States v. Real Prop. & Improvements Located at 2366 San Pablo Ave.*, 2013 WL 6774082, at *1-2 (N.D. Cal. Dec. 23, 2013) (denying Rule 12(c) motion after noting that "the Government has not cited, and the Court has not located, any authority entitling the

---

[1] Unless otherwise specified, all docket numbers refer to the docket in No. 2:22-cv-01815-IM.

Government to move for judgment on the pleadings on less than a full cause of action or defense");

*see Kenall Mfg.*, 354 F.Supp.3d at 896-97 (finding only two cases that even arguably stood for

such a proposition, and rejecting both in the face of overwhelming contrary authority).

This is not just a matter of practice; "the text of the Civil Rules forecloses the entry of a

Rule 12(c) judgment on part of a claim." *Id.* at 894.  The Rule provides that "a party may move

for *judgment* on the *pleadings*."  Fed. R. Civ. P. 12(c) (emphases added).  That stands in marked

contrast to other rules where partial judgment is allowed.  "[T]he Supreme Court specifically

provided for partial summary judgment on less than an entire cause of action or defense in Rule

56; that it did not do so in Rule 12(c) suggests the same device is not available on a motion for

judgment on the pleadings." *2366 San Pablo Ave.*, 2013 WL 6774082, at \*2; *see also Kenall Mfg.*,

354 F.Supp.3d at 894 (collecting sources).  It thus is no surprise that, while a few courts have

allowed motions for partial judgment on the pleadings that attack one entire cause of action but

not all of the causes of action, the overwhelming majority of courts consistently have drawn a firm

line against Rule 12(c) motions that go to less than a full claim.  *See Kenall Mfg.*, 354 F.Supp.3d

at 894-98.  Simply put, Rule 12(c) does not allow "courts to carve up claims or defenses on a

motion for judgment on the pleadings." *Id.* at 894.

Here, Defendants do not seek judgment on any particular cause of action; they seek only

to pretermit Plaintiffs' ability to recover one among many requested remedies—namely nominal

damages.  *See* Mot. at 4 (failing to identify whole causes of action, but rather parsing three

paragraphs within the *OFF* complaint and the "Preamble" and one "Prayer" within the *Eyre*

complaint).  That is precisely the type of "carv[ing] up claims" that lies outside Rule 12(c), *Kenall*

*Mfg.*, 354 F.Supp.3d at 894, making Defendants' Motion "inappropriate," *id*. at 896 (quoting

*Bolender v. Carnival Corp*., 2014 WL 12527190, at \*1 (S.D. Fla. Apr. 7, 2014)).  Indeed, multiple

courts have reached exactly that conclusion in exactly this posture, while Plaintiffs are aware of

none that came out the other way.  *See, e.g.*, *Munro v. Fairchild Tropical Botanic Garden, Inc.*, 2021 WL 894380, at \*1-3 (S.D. Fla. Mar. 3, 2021) ("[B]efore the Court [is] Defendants' Motion for Partial Judgment on the Pleadings as to Statutory Damages and Attorneys' Fees.… Defendants essentially seek partial judgment as to only remedies …. The Court agrees with Plaintiffs that partial judgment on the pleadings is not appropriate here because it would not dispose of any single claim." (footnote omitted)); *In re: NCAA Athletic Grant-in-Aid Cap Antitrust Litig.*, 2016 WL 4154855, at \*2 (N.D. Cal. Aug. 5, 2016) (denying "Defendants' motion for judgment on the pleadings" because it sought only to "limit[] the types of relief Plaintiffs may seek" rather than "provide a basis upon which a judgment on the merits can be rendered").

In all events, even if the Court were to construe Plaintiffs' complaints as bringing separate "claims" as to Defendants in their official and personal capacities even though that is not what the complaints actually do, the Motion still should be denied.  Indeed, this case vividly illustrates the wisdom of rejecting Rule 12(c) motions that seek to carve off just a piece of an ongoing claim.  While Defendants are correct that Plaintiffs must show action by a named state official to receive any form of damages, and that Defendants have not yet enforced Measure 114, they neglect to mention that the only reasons they have not yet enforced Measure 114's novel restrictions are (1) an Oregon state court preliminarily enjoined them from doing so, and (2) Defendants agreed in this Court to a stay of enforcement of the permitting provisions *because they were not ready to implement the permitting regime in a constitutionally acceptable manner*.  And Defendants continue to fight strenuously in both of those courts for permission to enforce Measure 114.  In other words, Defendants ask this Court to definitively deny Plaintiffs' prayer for nominal damages on the theory that Plaintiffs have not yet suffered any injury owing to enforcement, even as Defendants seek permission to inflict exactly that injury.  All this Court would accomplish by following that course is forcing Plaintiffs to replead and seek the exact same relief if and when Defendants begin enforcing Measure 114.

The far better path is to deny the Motion without prejudice (or simply demur to the end of the case) and follow the ordinary course of holding off on deciding what remedies are available until the time to actually issue a remedy comes.  *See* 5C Wright & Miller, *Fed. Prac. & Proc. Civ.* §1367 (3d ed. 2023) (discussing advisability of such an approach).  If, at that point, Measure 114 has never been enforced (either because the state-court injunction became a permanent injunction affirmed by the Oregon Supreme Court, or because this Court, the Ninth Circuit, or the Supreme Court ruled in Plaintiffs' favor), then Plaintiffs will have no basis to ask for nominal damages.  But if—as Defendants wish—they are at some point allowed to enforce Measure 114, but Plaintiffs then ultimately prevail, such damages may lie as a straightforward operation of law.  There is no reason to prematurely foreclose the possibility of damages just because events during the course of the litigation have prevented the state from enforcing Measure 114 to date.

Denying without prejudice or demurring makes particular sense because the state is currently attempting to fix in real time the problems that, even in its own limited view, Measure 114 created.  The Oregon Legislature is currently working on a new amendment to the restrictions Measure 114 imposes on individuals' ability to acquire firearms.  Such rewriting is common in civil rights litigation in general and Second Amendment cases in particular, and it sometimes moots the very case that prompted it.  *See, e.g.*, *N.Y. State Rifle & Pistol Ass'n, Inc. v. City of N.Y.*, 140 S.Ct. 1525 (2020).  So long as nominal damages remain available, however, a case will not become moot.  *See Uzuegbunam v. Preczewski,* 141 S.Ct. 792, 802 (2021).  Among other things, this preserves the possibility of attorneys' fees under §1983 for the party whose actions have prompted such changes, yet who would otherwise go unremunerated.  *See* 42 U.S.C. §1988(b); *cf. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't Health & Human Servs.*, 532 U.S. 598, 605 (2001).  It would abuse the spirit of the civil rights laws to allow Defendants to prematurely foreclose this path—and set a precedent for doing so—so early in litigation.

## II.    Defendants Are Not Entitled To Qualified Immunity.

Defendants' qualified immunity arguments, in addition to being premature, are wrong.  By the state's own admission, if it had not agreed to a stay or been enjoined, it would currently be left enforcing a regime that restricts the exercise of fundamental constitutional rights (the right to keep and bear arms) *but no one can satisfy*.  It is unquestionably settled that government action that precludes citizens from exercising their rights violates both the Due Process Clause and the fundamental right being restricted.  *See, e.g.*, *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998); *Se. Promotions, Ltd. v. Conrad*, 420 U.S. 546, 559-62 (1975); *Bell v. Burson*, 402 U.S. 535, 539 (1971); *see also Durousseau v. United States*, 10 U.S. (6 Cranch) 307, 323 (1810) (Johnson, J., concurring in the judgment) ("No man can be bound to do impossibilities.").  So there can be no doubt that if the state's administration of Measure 114's permitting regime were assessed as its technology and systems *currently* stand, the state would be violating clearly established constitutional law.  Once again, that illustrates why Defendants' motion is premature in ways that are not even helpful to their own cause.

As to Measure 114's magazine restrictions, Defendants' own brief testifies against them:  Most of the circuit court cases on which they seek to rely are followed by "*abrogated by Bruen*."  Dkt.157 at 7 n.2.[2]  Three others should have been so marked.[3]  The sole remaining exception is a case which the Supreme Court granted, vacated and remanded *directly*, *Duncan v. Bonta*, 19 F.4th

---

[2] "*Worman v. Healey*, 922 F.3d 26, 41 (1st Cir. 2019), *abrogated by N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022); *Ass'n of N.J. Rifle & Pistol Clubs v. Attorney Gen. N.J.*, 910 F.3d 106 (3d Cir. 2018), *abrogated by N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022); *Kolbe v. Hogan*, 849 F.3d 114, 137 (4th Cir. 2017) (en banc), *abrogated by N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022)."  Dkt.157 at 7 n.2.

[3] *See* Dkt.157 at 7 n.2 (citing *N.Y. State Rifle & Pistol Ass'n v. Cuomo*, 804 F.3d 242 (2d Cir. 2015), *abrogated by N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022); *Friedman v. City of Highland Park*, 784 F.3d 406, 409 (7th Cir. 2015), *abrogated by N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022); *Heller v. District of Columbia*, 670 F.3d 1244, 1263-64 (D.C. Cir. 2011), *abrogated by N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022)).  All three of these cases applied tests for Second Amendment challenges that are entirely inconsistent with *Bruen*.

1087, 1096 (9th Cir. 2021), *cert. granted, judgment vacated*, 142 S.Ct. 2895 (2022).  Cases that even defendants acknowledge were overturned by a landmark Supreme Court decision, along with an on-point, in-circuit case that was directly overturned by Supreme Court order, are hardly a promising basis on which to rest qualified immunity.  Beyond that, Defendants just point to cases currently under appeal or otherwise being litigated—indeed, Defendants' count of supposed wins-and-losses is already inaccurate, *see Barnett v. Raoul*, 2023 WL 3160285 (S.D. Ill. Apr. 28, 2023); *cf.* Dkt.157 at 7.  That only reinforces the point that Defendants' Motion is entirely premature.  But if they insist on resolving these issues now, then they should lose.

## CONCLUSION

For the reasons set forth above, the Court should deny Defendants' Motion for Partial Judgment on the Pleadings.

Respectfully submitted,

DATED:  May 10, 2023

JURISLAW LLP

Paul D. Clement[*]
Erin E. Murphy[*]
Matthew D. Rowen[*]
Nicholas M. Gallagher[*]
Clement & Murphy, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900

[*] admitted *pro hac vice*

s/ Shawn M. Lindsay
Shawn M. Lindsay (OSB No.: 020695)
Daniel J. Nichols (OSB No.: 101304)
Three Centerpointe Drive
Suite 160
Lake Oswego, OR 97035
(503) 968-1475
shawn@jurislawyer.com

*Counsel for Eyre Plaintiffs*

s/ Stephen Joncus
Stephen J. Joncus, OSB #013072
JONCUS LAW PC
13203 SE 172nd Ave Ste 166 #344
Happy Valley, OR  97086
(971) 236-1200
steve@joncus.net

s/ Leonard W. Williamson
Leonard W. Williamson, OSB #910020
VAN NESS WILLIAMSON LLP
960 Liberty St. SE, Ste 100
Salem, OR 97302
(503) 365-8800
l.williamson@vwllp.com

*Counsel for OFF Plaintiffs*

Page 8   PLAINTIFFS' CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS