**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Hannah K. Hoffman, OSB #183641**
HannahHoffman@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR  97201-3412
(503) 295-3085

      Special Assistant Attorneys General for Defendants

**Ellen F. Rosenblum, OSB #753239**
Attorney General
**Brian Simmonds Marshall, OSB #196129**
Senior Assistant Attorney General
Brian.S.Marshall@doj.state.or.us
**DEPARTMENT OF JUSTICE**
100 SW Market Street
Portland, OR 97201
(971) 673-1880

      Attorneys for Defendants

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PENDLETON DIVISION

| | |
|---|---|
| OREGON FIREARMS FEDERATION, INC., et al., | Case No. 2:22-cv-01815-IM (lead case) |
| | 3:22-cv-01859-IM (trailing case) |
| Plaintiffs, | 3:22-cv-01862-IM (trailing case) |
| | 3:22-cv-01869-IM (trailing case) |
| v. | **DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |
| TINA KOTEK, et al., | |
| Defendants, | |
| and | |

**Page 1 -  DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

OREGON ALLIANCE FOR GUN SAFETY,

                                    Intervenor-Defendant.

MARK FITZ, et al.,

                                    Plaintiffs,

                    v.

ELLEN F. ROSENBLUM, et al.,

                                    Defendants.

KATERINA B. EYRE, et al.,

                                    Plaintiffs,

                    v.

ELLEN F. ROSENBLUM, et al.,

                                    Defendants,

                    and

OREGON ALLIANCE FOR GUN SAFETY,

                                    Intervenor-Defendant.

DANIEL AZZOPARDI, et al.,

                                    Plaintiffs,

                    v.

ELLEN F. ROSENBLUM, et al.,

                                    Defendants.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendants object and respond to Plaintiffs' First Set of Interrogatories as follows:

<b>GENERAL OBJECTIONS</b>

Defendants make the following general objections to Plaintiffs' First Set of Interrogatories:

**Page 2 -   DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

1.      <u>Privilege and Privacy</u>.  Defendants object to the interrogatories to the extent that plaintiffs seek information protected from disclosure by the attorney-client privilege, work-product doctrine, mediation privilege, deliberative process privilege, informer privilege, or any other applicable privilege, immunity, rule of privacy or confidentiality, protection, or restriction that protects such information from involuntary disclosure.  Defendants intend to and do assert the privileges above with respect to all such information, and such information will not be produced.  Any inadvertent production of this information is not intended to constitute, and shall not constitute, a waiver in whole or in part of any privilege, doctrine, or objection.

2.      <u>Compliance with Rules</u>.  Defendants object to the interrogatories, instructions, and definitions to the extent they purport to impose on defendants any obligations different from, inconsistent with, or in addition to, those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.  Defendants will not respond in any manner beyond what is required pursuant to the Federal Rules of Civil Procedure or the Local Rules of this Court.

3.      <u>Scope of Discovery</u>.  Defendants object to the interrogatories to the extent that plaintiffs seek information not relevant to any party's claim or defense.  Defendants object to the interrogatories to the extent they are intended solely to cause delay and are wasteful of the parties' time and resources.  Defendants object to the interrogatories to the extent they are unduly burdensome, argumentative, vague, ambiguous, or overly broad.  To the extent defendants respond to or produce information requested in any individual interrogatories, defendants do not concede that the information requested is relevant, material, competent, or admissible.  Nothing contained herein shall be construed as an admission by defendants relative to the existence or nonexistence of any information or documents or the truth or accuracy of any statement or characterization contained in any discovery request.  Defendants reserve the right to object to further discovery into any subject matter covered by the interrogatories.

4.      <u>Discovery Ongoing</u>.  Discovery, investigation, and trial preparation are ongoing. Defendants' response to the interrogatories is made to the best of defendants' present knowledge, information, and belief.  Responses are at all times subject to additional or different information that discovery or further investigation may disclose.  Accordingly, defendants reserve the right to

**Page 3 -   DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF**
**             INTERROGATORIES**

supplement their response to the interrogatories if additional information becomes known to defendants.  In addition, defendants have made reasonable efforts to respond to the interrogatories based on defendants' interpretation of the interrogatories, but if plaintiffs subsequently assert an interpretation of the interrogatory that is different from defendants' interpretation, defendants reserve the right to supplement their objections or response.

5.     <u>Possession, Custody, or Control</u>.  Defendants object to the interrogatories to the extent that they seek information that is not in defendants' possession, custody, or control.  Defendants object to the interrogatories to the extent they seek information already in plaintiffs' possession, custody, or control.  In responding to the interrogatories, defendants will produce only information reasonably known to defendants or within their possession, custody, or control.

6.     <u>Public Sources</u>.  Defendants object to the interrogatories to the extent they seek documents or information equally available to plaintiffs through public sources.

7.     <u>Undue Burden</u>.  Defendants object to the interrogatories to the extent they require defendants to search for and produce information from sources that are not reasonably accessible because of undue burden or expense.  Defendants will not produce information from sources that are not reasonably accessible because of undue burden or cost.

8.     <u>Proportionality</u>.  Defendants object to the interrogatories to the extent that they are not proportional to the needs of the case (considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit).  Defendants further object to the interrogatories to the extent that the discovery sought is unreasonably cumulative or duplicative or is obtainable from some other source that is more convenient, less burdensome, or less expensive.

9.     <u>Premature Expert Opinions</u>.  Defendants object to the interrogatories to the extent they prematurely require expert opinions before experts have been retained and are subject to disclosure.

**Page 4 -   DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF**
**            INTERROGATORIES**

10.    <u>Definition of "defendants," "you," and "your."</u>  Defendants object to plaintiffs' definition of the terms "defendants," "you," and "your" to the extent that the phrase "all persons acting on their behalf" seeks discovery from people or entities that are not agents of defendants under the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rule or case law.  Defendants will produce only information reasonably known to defendants or within their possession, custody, or control.

## RESPONSES TO INTERROGATORIES

**<u>INTERROGATORY NO. 1</u>**:  For each of the 260 past weeks (five years), what is the average wait time for the Oregon State Police to process a background check to transfer a firearm in Oregon?

**<u>ANSWER</u>**:  Defendants incorporate their general objections as set out above.

Subject to and without waiving these objections, defendants answer as follows: Pursuant to Federal Rule of Civil Procedure 33(d), defendants refer plaintiffs to the records produced pursuant to Request for Production ("RFP") No. 1, which are sufficient for plaintiffs to determine the answer to this interrogatory.

**<u>INTERROGATORY NO. 2</u>**:  For the past five years (2018-2022), how many background checks for transfer of a firearm by FICS were processed in 30 days or less and how many were processed in more than 30 days?

**<u>ANSWER</u>**:  Defendants incorporate their general objections as set out above.

Subject to and without waiving these objections, defendants answer as follows: Pursuant to Federal Rule of Civil Procedure 33(d), defendants refer plaintiffs to the records produced pursuant to Request for Production ("RFP") No. 1, which are sufficient for plaintiffs to determine the answer to this interrogatory.

**<u>INTERROGATORY NO. 3</u>**:  For the prior five years (2018-2022), please explain all reasons for delay for any background checks by the FICS units that exceeded 30 days.

**<u>ANSWER</u>**:  Defendants incorporate their general objections as set out above. Defendants further object to the request as ambiguous, including as to "reasons."

**Page 5 -   DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Subject to and without waiving these objections, defendants answer as follows: Pursuant to Federal Rule of Civil Procedure 33(d), defendants refer plaintiffs to the records produced pursuant to Request for Production ("RFP") No. 1, which are sufficient for plaintiffs to determine the barriers to completion for each background check that exceeded 30 days.

**INTERROGATORY NO. 4:**  For the past five years (2018-2022), please explain how long it takes (minimum, maximum, average) for the FICS unit to submit data to NICS and to receive a response regarding any background checks for firearms transfers.

**ANSWER:**  Defendants incorporate their general objections as set out above.

Subject to and without waiving these objections, defendants answer as follows: Upon receiving a request for a background check, the FICS unit immediately submits background check data to the National Instant Criminal Background Check System (NICS) and receives an instantaneous response.

If the response is that the purchaser is qualified, and manual review is not required, the FICS system provides that information to the gun dealer immediately.  If the response from NICS is ambiguous, the purchaser is entered into the background check queue for further investigation by FICS staff.

Pursuant to Federal Rule of Civil Procedure 33(d), defendants also refer plaintiffs to the records produced pursuant to Request for Production ("RFP") No. 1, which provide additional information for plaintiffs to determine the answer to this interrogatory.

**INTERROGATORY NO. 5:**  How does the FICS unit of the Oregon State Police determine that a person should be disqualified from obtaining a firearm due to mental health adjudication or commitment?

**ANSWER:**  Defendants incorporate their general objections as set out above. Defendants further object to the request to the extent it seeks information subject to attorney-client privilege or the work-product doctrine.

Subject to and without waiving these objections, defendants answer as follows: The FICS unit submits a prospective firearm purchaser's information to NICS, which includes indices showing mental health adjudication or commitment in all fifty states, as well as territories, and

**Page 6 -  DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

federal and military indices.  In addition, the FICS unit performs a name-based search in Oregon's Law Enforcement Data Systems (LEDS), which also reports any mental health adjudication or commitment in the state of Oregon.

**INTERROGATORY NO. 6:**  How does the FICS unit of the Oregon State Police determine that a person should be disqualified from obtaining a firearm due to unlawful use or addiction to a controlled substance (including Marijuana).

**ANSWER:**  Defendants incorporate their general objections as set out above. Defendants further object to the request to the extent it seeks information subject to attorney-client privilege or the work-product doctrine.

Subject to and without waiving these objections, defendants answer as follows:  FICS, the system, submits a prospective firearm purchaser's information to NICS and LEDS, which provides information showing any conviction involving a controlled substance, including marijuana, or any conviction in which the individual admitted to unlawful use or an addiction to a controlled substance, including marijuana, or evidence of the use or possession of a controlled substance within the past year.

**INTERROGATORY NO. 7:**  How would Defendants determine that a person does not "present reasonable grounds for a permit agent to conclude that the applicant has been or is reasonably likely to be a danger to self or others, or to the community at large, as a result of the applicant's mental or psychological state or as demonstrated by the applicant's past pattern of behavior involving unlawful violence or threats of unlawful violence," as required by Measure 114 §4(1)(b)(C), 5(2)?

**ANSWER:**  Defendants incorporate their general objections as set out above. Defendants further object to the request to the extent it seeks information subject to attorney-client privilege or the work-product doctrine.  Defendants further object to the interrogatory to the extent it seeks a legal conclusion or analysis.  The interrogatory seeks pure legal interpretation, which is not permitted under FRCP 33.  *Gingerich v. City of Elkhart Prob. Dep't*, 273 F.R.D. 532, 537 (N.D. Ind. 2011) ("parties cannot be compelled to respond to interrogatories that call for pure legal conclusions"); *Everest Nat'l Ins. Co. v. Santa Cruz Cnty. Bank*, No. 15-

**Page 7 -   DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF
              INTERROGATORIES**

CV-02085-BLF HRL, 2016 WL 6311876, at *4 (N.D. Cal. Oct. 28, 2016) (courts decline "to require responses to those asking solely about questions of law"). Defendants further object that this request presents a hypothetical with no facts, which is not permitted by FRCP 33. *Kendrick v. Sullivan*, 125 F.R.D. 1, 3 (D.D.C. 1989) (FRCP 33 "requires that the contentions or legal opinions of an interogatee must relate to, or be applied to, a fact."). Defendants further object to the interrogatory as seeking irrelevant information; as stated in the quoted text, permit agents, not defendants, are responsible for determining whether an "applicant has been or is reasonably likely to be a danger to self or others, or to the community at large, as a result of the applicant's mental or psychological state or as demonstrated by the applicant's past pattern of behavior involving unlawful violence or threats of unlawful violence."

Defendants will not respond to this request.

**INTERROGATORY NO. 8:** How would a police chief or county sheriff in the State of Oregon determine that a person does not present reasonable grounds for a permit agent to believe that the applicant has been or is reasonably likely to be a danger to self or others, or to the community at large, as a result of the applicant's mental or psychological state or as demonstrated by the applicant's past pattern of behavior involving unlawful violence or threats of unlawful violence?

**ANSWER:** Defendants incorporate their general objections as set out above. Defendants further object to the request to the extent it seeks information subject to attorney-client privilege or the work-product doctrine. Defendants further object to the interrogatory to the extent it seeks a legal conclusion or analysis. *Gingerich v. City of Elkhart Prob. Dep't*, 273 F.R.D. 532, 537 (N.D. Ind. 2011) ("parties cannot be compelled to respond to interrogatories that call for pure legal conclusions"); *Everest Nat'l Ins. Co. v. Santa Cruz Cnty. Bank*, No. 15-CV-02085-BLF HRL, 2016 WL 6311876, at *4 (N.D. Cal. Oct. 28, 2016) (courts decline "to require responses to those asking solely about questions of law"). Defendants further object that this request presents a hypothetical with no facts, which is not permitted by FRCP 33. *Kendrick v. Sullivan*, 125 F.R.D. 1, 3 (D.D.C. 1989) (FRCP 33 "requires that the contentions or legal opinions of an interogatee must relate to, or be applied to, a fact."). Defendants further object to

Page 8 -  **DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Ex. 5 - Dodd Decl.
Page 8 of 24

the interrogatory as seeking irrelevant information; as stated in Measure 114, § 4(1)(b)(C), permit agents, not defendants, are responsible for determining whether an "applicant has been or is reasonably likely to be a danger to self or others, or to the community at large, as a result of the applicant's mental or psychological state or as demonstrated by the applicant's past pattern of behavior involving unlawful violence or threats of unlawful violence."

Defendants will not respond to this request.

**INTERROGATORY NO. 9:**  What additional information will be necessary for an applicant to present to a permit agent under Section 4(1)(c) of Measure 114 ("An application for a permit under this section must state the applicant's legal name, current address and telephone number, date and place of birth, physical description, and any additional information determined necessary by department rules. The application must be signed by the applicant in front of the permit agent")?

**ANSWER:**  Defendants incorporate their general objections as set out above. Defendants further object to the request to the extent it seeks information subject to attorney-client privilege or the work-product doctrine.

Subject to and without waiving these objections, defendants answer as follows: Pursuant to Federal Rule of Civil Procedure 33(d), defendants refer plaintiffs to the records produced pursuant to RFP No. 9, which are sufficient for plaintiffs to determine the answer to this interrogatory.

**INTERROGATORY NO. 10:**  How much have Defendants budgeted or estimated for the costs to implement Measure 114?

**ANSWER:**  Defendants incorporate their general objections as set out above. Defendants further object to the request to the extent it seeks information subject to attorney-client privilege or the work-product doctrine.

Subject to and without waiving these objections, defendants answer as follows: Pursuant to Federal Rule of Civil Procedure 33(d), defendants refer plaintiffs to the records produced pursuant to RFP Nos. 3 and 24, which are sufficient for plaintiffs to determine the answer to this interrogatory.

**Page 9 -   DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 11:**  How long will it take the State of Oregon to set up the database(s) to track permits to purchase, as required by Measure 114?

**ANSWER:**  Defendants incorporate their general objections as set out above. Defendants further object to the request to the extent it seeks information subject to attorney-client privilege or the work-product doctrine.

Subject to and without waiving these objections, defendants answer as follows: OSP is prepared to implement a Microsoft Excel-based database immediately.  This database needs no further work or preparation.  OSP will assess possible enhancements to the current FICS or issue a request for proposals for a cloud-based database when Measure 114 goes into effect in the future.  The expected timeframe for that database to go live will be between two and three years, from the time defendants issue the request for proposals or request enhancements to the current system to the time the database is ready for use by OSP.

**INTERROGATORY NO. 12:**  How long will it take the State of Oregon to be able to issue a permit to purchase under Measure 114? Please describe the anticipated minimum, maximum, and average wait times.

**ANSWER:**  Defendants incorporate their general objections as set out above. Defendants further object to the request to the extent it seeks information subject to attorney-client privilege or the work-product doctrine.  Defendants further object to the request as vague and ambiguous, including as to "the State of Oregon."  The State of Oregon is not a party to this lawsuit, nor is it a defined term in these interrogatories.  Defendants further object that the "State of Oregon" is vague and ambiguous as to whether it refers to the state as a whole, or to the governments within Oregon, or just to the departments, boards, and agencies of the state. Defendants further object that this request calls for speculation.  Defendants further object that this request seeks information outside defendants' custody, possession, or control, or that is equally available to plaintiffs.  Defendants further object that this request is improperly directed at defendants, none of whom issue permits under Measure 114, rather than at permit agents, who are tasked with that responsibility.  *See* Measure 114, § 4(3)(a) ("Within 30 days of receiving an application for a permit under this section, if the permit agent has verified the applicant's identity

**Page 10 - DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

and determined that the applicant has met each of the qualifications described in paragraph (1)(b) of this section, *the permit agent shall issue the permit to purchase*.") (emphasis added); *see also* § 4(1)(a) (defining "permit agent" as a police chief or county sheriff).

 Subject to and without waiving these objections, defendants answer as follows: Defendants decline to answer this interrogatory because the information sought is equally available to plaintiffs and is held by third-party permit agents who are not parties to this lawsuit.

 **INTERROGATORY NO. 13:**  Please describe in detail Defendants' plan(s) to implement Measure 114's permitting scheme.

 **ANSWER:**  Defendants incorporate their general objections as set out above. Defendants further object to the request to the extent it seeks information subject to attorney-client privilege or the work-product doctrine.  Defendants further object to the interrogatory to the extent it seeks a legal conclusion or analysis.  Defendants further object that this request is improperly directed at defendants, who are not responsible for issuing permits.  *See* Measure 114, § 4(3)(a) ("Within 30 days of receiving an application for a permit under this section, if the permit agent has verified the applicant's identity and determined that the applicant has met each of the qualifications described in paragraph (1)(b) of this section, *the permit agent shall issue the permit to purchase*.") (emphasis added); *see also* § 4(1)(a) (defining "permit agent" as a police chief or county sheriff).  Defendants are only responsible for limited functions within the permit provisions of Measure 114, such as developing an application, Measure 114 §§ 4(1)(c), 4(4)(a), conducting a background check and reporting its results, *id* §§ 4(1)(e), 4(2)(a), and maintaining a searchable electronic database, *id.* § 4(5)(a).

 Subject to and without waiving these objections, defendants answer as follows: OSP has already created a permit-to-purchase application.  OSP is prepared to accept permit applications and perform background checks.  Although the Federal Bureau of Investigation has informed OSP that it will not perform fingerprint-based criminal background checks for permit applicants based on their determination that Ballot Measure 114 does not meet the requirements of Pub. L. 92-544, OSP will still perform background checks using existing state and federal systems.  If OSP's background checks using existing state and federal systems find no disqualifiers, OSP will

**Page 11 - DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

report back to the permit agent that no disqualifiers have been found. OSP will also report that the FBI refused to perform a fingerprint-based criminal background check under Pub. L. 92-544. OSP is prepared to maintain a searchable Excel-based database of all permits. In addition, pursuant to Federal Rule of Civil Procedure 33(d), defendants refer plaintiffs to the records produced pursuant to RFP Nos. 9, 11, 12, 21, 24, and 25, which are sufficient for plaintiffs to determine the answer to this interrogatory.

**INTERROGATORY NO. 14:** Please describe in detail what the Oregon State Police is doing to work with a technology vendor to allow local law enforcement departments to transmit fingerprints electronically, as described in paragraph 4 of the February 6, 2023 Declaration of Commander Rebecca David.

**ANSWER:** Defendants incorporate their general objections as set out above. Defendants further object to the request to the extent it seeks information subject to attorney-client privilege or the work-product doctrine.

Subject to and without waiving these objections, defendants answer as follows: OSP has secured a vendor to implement the changes needed to existing OSP systems for the transmission of fingerprint submissions from local law enforcement agencies. The vendor is currently on stand-by, pending the outcome of this and the state litigation and any legislation passed in the legislature. When OSP has sufficient information about the shape of the permit program and when enforcement will begin, OSP will inform the vendor to begin its work. OSP estimates it will take 30 business days for the vendor to implement the changes and be fully up and running. The system changes are not necessary to process applications: OSP can receive fingerprints on fingerprint cards through the United States mail or by courier.

OSP is also preparing a grant application that could allow local law enforcement agencies to obtain electronic fingerprint transmission equipment.

**INTERROGATORY NO. 15:** Was the transmission system (as described in paragraph 4 of the February 6, 2023 Declaration of Commander Rebecca David) that allows local law enforcement departments to transmit fingerprint electronically ready as of March 8, 2023?

**Page 12 - DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

**ANSWER:**  Defendants incorporate their general objections as set out above. Defendants further object to the request to the extent it seeks documents subject to attorney-client privilege or the work-product doctrine.

Subject to and without waiving these objections, defendants answer as follows: When the Oregon Supreme Court issued its decision on February 9, 2023, declining to vacate the state trial court's injunction on enforcement of the permit requirement, OSP postponed its request to the vendor to implement the system changes pending further litigation and legislative developments. See the answer to Interrogatory No. 14.

**INTERROGATORY NO. 16:**  Under Measure 114, how long will it take for an applicant to obtain a permit to purchase in the State of Oregon? Please describe the anticipated minimum, maximum, and average wait times.

**ANSWER:**  Defendants incorporate their general objections as set out above. Defendants further object to the request to the extent it seeks information subject to attorney-client privilege or the work-product doctrine.  Defendants further object to the request as seeking information outside defendants' custody, possession, or control, or that is equally available to plaintiffs.  Defendants further object that this request as improperly directed at defendants, none of whom issue permits under Measure 114, rather than at permit agents, who are tasked with that responsibility.  *See* Measure 114, § 4(3)(a) ("Within 30 days of receiving an application for a permit under this section, if the permit agent has verified the applicant's identity and determined that the applicant has met each of the qualifications described in paragraph (1)(b) of this section, *the permit agent shall issue the permit to purchase*.") (emphasis added); *see also* § 4(1)(a) (defining "permit agent" as a police chief or county sheriff).  Defendants further object that this request is an incomplete hypothetical.

Subject to and without waiving these objections, defendants answer as follows: Defendants decline to answer this interrogatory because the information sought is equally available to plaintiffs and is held by third-party permit agents who are not parties to this lawsuit.

**Page 13 - DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 17:**  Under Measure 114, how long will it take for an applicant to obtain a firearm in the State of Oregon? Please describe the anticipated minimum, maximum, and average wait times.

**ANSWER:**  Defendants incorporate their general objections as set out above. Defendants further object to the request to the extent it seeks information subject to attorney-client privilege or the work-product doctrine.  Defendants further object that this request as improperly directed at defendants, none of whom issue permits under Measure 114, rather than at permit agents, who are tasked with that responsibility.  *See* Measure 114, § 4(3)(a) ("Within 30 days of receiving an application for a permit under this section, if the permit agent has verified the applicant's identity and determined that the applicant has met each of the qualifications described in paragraph (1)(b) of this section, *the permit agent shall issue the permit to purchase*.") (emphasis added); *see also* § 4(1)(a) (defining "permit agent" as a police chief or county sheriff).  Defendants further object that this request is an incomplete hypothetical.

Subject to and without waiving these objections, defendants answer as follows: Defendants decline to answer this interrogatory because the information sought is equally available to plaintiffs and is held by third-party permit agents who are not parties to this lawsuit.

**INTERROGATORY NO. 18:**  Please identify all existing firearm safety courses in Oregon that comply with Measure 114's requirements.

**ANSWER:**  Defendants incorporate their general objections as set out above. Defendants further object to the request to the extent it seeks information subject to attorney-client privilege or the work-product doctrine.  Defendants further object to the request as seeking information outside defendants' custody, possession, or control, or that is equally available to plaintiffs.  Defendants further object to this request as improperly directed at defendants, none of whom issue permits under Measure 114 and who are not responsible for determining whether an applicant has "Provide[d] proof of completion of a firearm safety course[.]"  Measure 114 § 4(1)(b)(D).

Subject to and without waiving these objections, defendants answer as follows: On January 6, 2023, Jason Myers, the Executive Director of the Oregon State Sheriffs Association,

**Page 14 - DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

submitted a declaration stating: "OSSA has developed an online course which has been approved by law enforcement and is available at the OSSA website." (Dkt. 37.) This online training does not include an in-person demonstration component. *See* Answer to Interrogatory No. 19, below.

**INTERROGATORY NO. 19:** Please identify all existing firearm safety courses in Oregon that include live-fire training that comply with Measure 114's requirements.

**ANSWER:** Defendants incorporate their general objections as set out above. Defendants further object to the request to the extent it seeks information subject to attorney-client privilege or the work-product doctrine. Defendants further object to the request as seeking information outside defendants' custody, possession, or control, or that is equally available to plaintiffs. Defendants further object to this request as improperly directed at defendants, none of whom issue permits under Measure 114 and who are not responsible for determining whether an applicant has "Provide[d] proof of completion of a firearm safety course[.]" Measure 114 § 4(1)(b)(D).

Subject to and without waiving these objections, defendants answer as follows: Defendants are not aware of any existing firearm safety courses that include an in-person demonstration component that complies with Measure 114's requirements.

**INTERROGATORY NO. 20:** Please identify all existing facilities in Oregon that could host firearm safety courses that comply with Measure 114's requirements.

**ANSWER:** Defendants incorporate their general objections as set out above. Defendants further object to the request to the extent it seeks information subject to attorney-client privilege or the work-product doctrine. Defendants further object to the request as seeking information outside defendants' custody, possession, or control, or that is equally available to plaintiffs. Defendants further object to this request as improperly directed at defendants, none of whom issue permits under Measure 114 and who are not responsible for determining whether an applicant has "Provide[d] proof of completion of a firearm safety course[.]" Measure 114 § 4(1)(b)(D).

Subject to and without waiving these objections, defendants answer as follows: Defendants do not have sufficient information to respond to this request.

**Page 15 - DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 21:**  Please describe in detail how the Oregon State Police will certify instructors and firearm safety courses or determine whether they comply with Measure 114.

**ANSWER:**  Defendants incorporate their general objections as set out above. Defendants further object to the request to the extent it seeks information subject to attorney-client privilege or the work-product doctrine.

Subject to and without waiving these objections, defendants answer as follows: Local law enforcement officials have stated that they intend to certify instructors and firearm safety courses.  (*See, e.g.*, Kevin Campbell Dep. at Tr. 67:13-16 ("The role that is the requirement of [local] law enforcement is to certify the training, whether that's the written training or the in-person training or trainers have to be certified by law enforcement."); *see also* Tr. 55:16-56:9; Jason Myers Dep. at Tr. 49:5-14 ("Ultimately, it will be up to the local officials to determine what they're going to do, whether that's an agency, their own agency, or certifying instructors outside of that.  I think it will be a local decision, and that's one of the recommendations that they would employ.").)  To that end, the Oregon Association of Chiefs of Police and the Oregon State Sheriffs Association have created a workgroup tasked with creating a process for certifying instructors.  (Second Decl. of Jason Myers (Dkt. 37) ¶ 10 ("OSSA and representatives of the Oregon Chiefs of Police have met to work on creating a process for the in-person demonstration of the applicant's ability to lock, load, unload, fire and store a firearm.").)

Because local law enforcement has represented that it will certify instructors, and it has taken concrete steps to do so, OSP does not, as of today, have plans to certify instructors. Defendants will supplement this response if those plans change.

**INTERROGATORY NO. 22:**  How many of the following firearms were transferred or sold each year in Oregon between January 1, 2018 and December 31, 2022: Glock 17, Glock 19, Glock 43X, Glock 43, Sig Sauer P365, Sig Sauer P320, Springfield Armory Hellcat, Taurus G2C, Taurus G3C, Smith & Wesson M&P9, Smith & Wesson M&P Shield, Springfield Armory XD, Canik TP9,  Walther PDP, Ruger Max-9, Smith & Wesson M&P AR15, Ruger AR-556, Kel-Tec Sub-2000, Ruger 10/22, Henry AR-7, and Colt AR15 (also referenced as M4)?

**Page 16 - DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

**ANSWER:**  Defendants incorporate their general objections as set out above. Defendants further object to the request to the extent it seeks information subject to attorney-client privilege or the work-product doctrine.  Defendants further object to the request as seeking information outside defendants' custody, possession, or control.

Subject to and without waiving these objections, defendants answer as follows: Defendants do not have data or records that are necessary to answer this request.

**INTERROGATORY NO. 23:**  Please explain the process (including timing) from the Oregon State Police receiving a request from a gun dealer for a criminal history record check to the Oregon State Police notifying the requesting gun dealer whether a purchaser is approved, denied, or pending/delayed in order to complete a firearm transfer.

**ANSWER:**  Defendants incorporate their general objections as set out above. Defendants further object to the interrogatory to the extent it seeks information subject to attorney-client privilege or the work-product doctrine.

Subject to and without waiving these objections, defendants answer as follows: When the FICS unit receives a request for a background check, the request is first entered into an automated computer process.  Recently, about 38% to 41% of requests are approved in the automated process within minutes.  Requests cannot be processed automatically for a variety of reasons, including because the purchaser's name returns a possible criminal history, because there are multiple potential matches for the same name, the firearm serial number returns as a possible stolen gun hit, or because information is incomplete.  Requests that cannot be processed automatically by computer are placed in a queue for review by FICS staff.  OSP notifies the dealer instantly if the request receives an automated approval.

Upon staff review, OSP determines whether the request is approved, denied, or pended for additional research.  OSP staff work pended requests until it determines whether the request is approved or denied, even if the firearm has already been transferred.  FICS staff notifies the gun dealer upon completing its review and determining a purchaser's qualification status.

**INTERROGATORY NO. 24:**  Please explain how the Oregon State Police immediately determines during a gun dealer's telephone call, from criminal records and other information

**Page 17 - DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

available to it, whether a purchaser of a firearm is disqualified under ORS 166.470 from completing the purchase.

**ANSWER:**  Defendants incorporate their general objections as set out above. Defendants further object to the interrogatory to the extent it seeks information subject to attorney-client privilege or the work-product doctrine.

Subject to and without waiving these objections, defendants answer as follows: As described in response to Interrogatory No. 23, upon receiving a request from a gun dealer, FICS engages an automated computer process in which it submits a purchaser's name and information to the LEDS and NICS databases.  If FICS receives an immediate, unambiguous response that a purchaser is not disqualified, FICS, the system, notifies the gun dealer immediately.

**INTERROGATORY NO. 25:**  What are the days and hours that the Oregon State Police operates a telephone number for the purpose of responding to inquiries from gun dealers for a criminal history record check?

**ANSWER:**  Defendants incorporate their general objections as set out above. Defendants further object to the interrogatory to the extent it seeks information subject to attorney-client privilege or the work-product doctrine.

Subject to and without waiving these objections, defendants answer as follows: The FICS unit operates a telephone number from 8 a.m. to 10 p.m. every day except Christmas and Thanksgiving.

**INTERROGATORY NO. 26:**  Please explain how long processing criminal history records checks should take.

**ANSWER:**  Defendants incorporate their general objections as set out above. Defendants further object to the interrogatory to the extent it seeks information subject to attorney-client privilege or the work-product doctrine.  Defendants further object to the interrogatory as calling for a legal conclusion or analysis.  Defendants further object to the interrogatory as not reasonably calculated to lead to the discovery of information relevant to any claim or defense.  Defendants further object to the interrogatory as ambiguous, as it does not provide any standard by which to measure the appropriate length of time for a permit applicant to

**Page 18 - DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF
           INTERROGATORIES**

wait.  It is unclear whether "too long" refers to a legal standard, a statutory requirement, a normative value judgment, or some other metric.  Defendants further object that the request is ambiguous.  The request does not identify the context for the record check or who is performing it.  Defendants further object that this request presents a hypothetical with no facts, which is not permitted by FRCP 33.  *Kendrick v. Sullivan*, 125 F.R.D. 1, 3 (D.D.C. 1989) (FRCP 33 "requires that the contentions or legal opinions of an interogatee must relate to, or be applied to, a fact.").

Subject to and without waiving these objections, defendants answer as follows: Processing an individual's criminal history should take no longer than required by law, to the extent any law imposes a time limit.

**INTERROGATORY NO. 27:**  Please explain how long is too long for an applicant to wait for her criminal history records check to be processed by the Oregon State Police.

**ANSWER:**  Defendants incorporate their general objections as set out above. Defendants further object to the interrogatory to the extent it seeks information subject to attorney-client privilege or the work-product doctrine.  Defendants further object to the interrogatory as calling for a legal conclusion or analysis.  Defendants further object to the interrogatory as not reasonably calculated to lead to the discovery of information relevant to any claim or defense.  Defendants further object to the interrogatory as ambiguous, as it does not provide any standard by which to measure the appropriate length of time for a permit applicant to wait.  It is unclear whether "too long" refers to a legal standard, a statutory requirement, a normative value judgment, or some other metric.  Defendants further object that this request presents a hypothetical with no facts, which is not permitted by FRCP 33.  *Kendrick v. Sullivan*, 125 F.R.D. 1, 3 (D.D.C. 1989) (FRCP 33 "requires that the contentions or legal opinions of an interogatee must relate to, or be applied to, a fact.").

Subject to and without waiving these objections, defendants answer as follows: Processing an individual's criminal history should take no longer than required by law, to the extent any law imposes a time limit.

**Page 19 - DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 28**:  Are any of the laws identified in **Exhibit 2** to the accompanying Requests for Admission (Survey of Relevant Statutes), analogous to Measure 114 in ***how*** the law burdens a law-abiding citizen's right to armed self-defense?

**ANSWER**:  Defendants incorporate their general objections as set out above. Defendants further object to the interrogatory to the extent it seeks information subject to attorney-client privilege or the work-product doctrine.  Defendants further object to the interrogatory as calling for a legal conclusion or analysis.  The interrogatory seeks pure legal interpretation, which is not permitted under FRCP 33.  *Gingerich v. City of Elkhart Prob. Dep't*, 273 F.R.D. 532, 537 (N.D. Ind. 2011) ("parties cannot be compelled to respond to interrogatories that call for pure legal conclusions"); *Everest Nat'l Ins. Co. v. Santa Cruz Cnty. Bank*, No. 15-CV-02085-BLF HRL, 2016 WL 6311876, at *4 (N.D. Cal. Oct. 28, 2016) (courts decline "to require responses to those asking solely about questions of law").  Defendants further object to the interrogatory as compound, overbroad, unduly burdensome, and disproportionate to the needs of the case.  Exhibit 2 is more than 250 pages long, identifies more than 300 laws, and does not include the texts of the statutes.  The research and analysis necessary to respond to this request is unduly burdensome.

Subject to and without waiving these objections, defendants answer as follows: Defendants will not respond to this request.

**INTERROGATORY NO. 29**:  Are any of the laws identified in **Exhibit 2** to the accompanying Requests for Admission (Survey of Relevant Statutes), analogous to Measure 114 in ***why*** the law burdens a law-abiding citizen's right to armed self-defense?

**ANSWER**:  Defendants incorporate their general objections as set out above. Defendants further object to the interrogatory to the extent it seeks information subject to attorney-client privilege or the work-product doctrine.  Defendants further object to the interrogatory as calling for a legal conclusion or analysis.  The interrogatory seeks pure legal interpretation, which is not permitted under FRCP 33.  *Gingerich v. City of Elkhart Prob. Dep't*, 273 F.R.D. 532, 537 (N.D. Ind. 2011) ("parties cannot be compelled to respond to interrogatories that call for pure legal conclusions"); *Everest Nat'l Ins. Co. v. Santa Cruz Cnty. Bank*, No. 15-

**Page 20 - DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF
            INTERROGATORIES**

CV-02085-BLF HRL, 2016 WL 6311876, at *4 (N.D. Cal. Oct. 28, 2016) (courts decline "to require responses to those asking solely about questions of law"). Defendants further object to the interrogatory as compound, overbroad, unduly burdensome, and disproportionate to the needs of the case. Exhibit 2 is more than 250 pages long, identifies more than 300 laws, and does not include the texts of the statutes. The research and analysis necessary to respond to this request is unduly burdensome. Subject to and without waiving these objections, defendants answer as follows: Defendants will not respond to this request.

DATED: April 14, 2023.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

By:    *s/Harry B. Wilson*
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Hannah K. Hoffman, OSB #183641
HannahHoffman@MarkowitzHerbold.com
*Special Assistant Attorney General for Defendants*

Brian Simmonds Marshall
brian.s.marshall@doj.state.or.us
*Attorney for Defendants*

OREGBR\1421264

**Page 21 - DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

**VERIFICATION**

I, Wendy Landers, declare,

I am the Director of the CJIS Division of the Oregon State Police. I have read

defendants' Response to Plaintiffs' First Set of Interrogatories and am informed and believe that

the answers to are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 14th day of April, 2023.

Wendy Landers

Page 23 - **DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES**

Ex. 5 - Dodd Decl.
Page 22 of 24

## ATTORNEY CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2023, I have made service of the foregoing
**DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**
on the parties listed below in the manner indicated:

| | | |
|---|---|---|
| Shawn M. Lindsay<br>Daniel J. Nichols<br>Christian Cho<br>JurisLaw LLP<br>Three Centerpointe Drive, Suite 160<br>Lake Oswego, OR  97035<br>*Attorney for Eyre Plaintiffs* | ☐<br>☐<br>☐<br>☐<br>☒<br><br><br>☐ | U.S. Mail<br>Facsimile<br>Hand Delivery<br>Overnight Courier<br>Email: shawn@jurislawyer.com;<br>dan@jurislawyer.com;<br>christian@jurislawyer.com<br>Electronically via USDC CM/ECF system |
| Matthew D. Rowen<br>Erin E. Murphy<br>Nicholas M. Gallagher<br>Paul D. Clement<br>Clement & Murphy, PLLC<br>706 Duke Street<br>Alexandria, VA  22314<br>*Attorney for Eyre Plaintiffs* | ☐<br>☐<br>☐<br>☐<br>☒<br><br><br><br>☐ | U.S. Mail<br>Facsimile<br>Hand Delivery<br>Overnight Courier<br>Email: erin.murphy@clementmurphy.com;<br>nicholas.gallagher@clementmurphy.com;<br>matthew.rowen@clementmurphy.com;<br>paul.clement@clementmurphy.com<br>Electronically via USDC CM/ECF system |
| Jessica A. Skelton<br>Zachary J. Pekelis<br>Kai Smith<br>W. Scott Ferron<br>Pacifica Law Group LLP<br>1191 Second Avenue, Suite 2000<br>Seattle, WA  98101-3404<br>*Attorneys for Proposed Intervenor-Defendant*<br>*Oregon Alliance for Gun Safety* | ☐<br>☐<br>☐<br>☐<br>☒<br><br><br><br><br>☐ | U.S. Mail<br>Facsimile<br>Hand Delivery<br>Overnight Courier<br>Email:<br>jessica.skelton@pacificalawgroup.com;<br>zach.pekelis@pacificalawgroup.com;<br>kai.smith@pacificalawgroup.com;<br>scott.ferron@pacificalawgroup.com<br>Electronically via USDC CM/ECF system |
| James L. Buchal<br>Murphy & Buchal<br>PO Box 86620<br>Portland, OR  97286<br>*Attorney for Fitz Plaintiffs* | ☐<br>☐<br>☐<br>☐<br>☒<br>☐ | U.S. Mail<br>Facsimile<br>Hand Delivery<br>Overnight Courier<br>Email: jbuchal@mbllp.com<br>Electronically via USDC CM/ECF system |
| William Bergstrom<br>Cooper & Kirk, PLLC<br>1523 New Hampshire Avenue, NW<br>Washington, DC  20036<br>*Attorney for Fitz Plaintiffs* | ☐<br>☐<br>☐<br>☐<br>☒<br>☐ | U.S. Mail<br>Facsimile<br>Hand Delivery<br>Overnight Courier<br>Email: wbergstrom@cooperkirk.com<br>Electronically via USDC CM/ECF system |

**CERTIFICATE OF SERVICE**

D. Angus Lee
Angus Lee Law Firm, PLLC
9105A NE HWY 99, Suite 200
Vancouver, WA  98665
*Attorney for Fitz Plaintiffs*

☐ U.S. Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☒ Email: Angus@AngusLeeLaw.com
☐ Electronically via USDC CM/ECF system

James L. Buchal
Murphy & Buchal
PO Box 86620
Portland, OR  97286
*Attorney for Azzopardi Plaintiffs*

☐ U.S. Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☒ Email: jbuchal@mbllp.com
☐ Electronically via USDC CM/ECF system

William Sack
Firearms Policy Coalition, Inc.
5550 Painted Mirage Road, Suite 320
Las Vegas, NV  89149
*Attorney for Azzopardi Plaintiffs*

☐ U.S. Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☒ Email: Wsack@FPClaw.org
☐ Electronically via USDC CM/ECF system

Adam Kraut
Second Amendment Foundation
12500 NE Tenth Place
Bellevue, WA  98005
*Attorney for Azzopardi Plaintiffs*

☐ U.S. Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☒ Email: akraut@saf.org
☐ Electronically via USDC CM/ECF system

D. Angus Lee
Angus Lee Law Firm, PLLC
9105A NE HWY 99, Suite 200
Vancouver, WA  98665
*Attorney for Azzopardi Plaintiffs*

☐ U.S. Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☒ Email: Angus@AngusLeeLaw.com
☐ Electronically via USDC CM/ECF system

Stephen J. Joncus
Joncus Law LLC
13203 SE 172nd Ave, Ste 166 #344
Happy Valley, OR  97086
*Attorney for OFF Plaintiffs*

☐ U.S. Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☒ Email: steve@joncus.net
☐ Electronically via USDC CM/ECF system

Leonard W. Williamson
Van Ness Williamson
960 Liberty Street SE, Suite 100
Salem, OR  97302
*Attorney for OFF Plaintiffs*

☐ U.S. Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☒ Email: l.williamson@vwllp.com
☐ Electronically via USDC CM/ECF system

DATED: April 14, 2023.

*s/Harry B. Wilson*
Harry B. Wilson, OSB #077214
*Attorney for Special Assistant Attorney General for Defendants*

**CERTIFICATE OF SERVICE**