# Deposition of Ashley Hlebinsky

# Oregon Firearms Federation, Inc., et al. v. Brown, et al.

# January 20, 2023



**206.287.9066 | 800.846.6989**
1325 Fourth Avenue, Suite 1840, Seattle, Washington 98101
www.buellrealtime.com
email: info@buellrealtime.com



Oregon Firearms Federation, Inc., et al. v. Brown, et al.                                  Ashley Hlebinsky

Page 1

```
            UNITED STATES DISTRICT COURT
                 DISTRICT OF OREGON
                  PORTLAND DIVISION
_____

OREGON FIREARMS FEDERATION,   )
INC., et al.,                 )
                              )
         Plaintiffs,          )   Case Nos.
                              )   2:22-cv-01815-IM
    vs.                       )   3:22-cv-01859-IM
                              )   3:22-cv-01862-IM
KATE BROWN, et al.,           )   3:22-cv-01869-IM
                              )
         Defendants.          )
_____)
MARK FITZ, et al.,            )   VIDEO-RECORDED
                              )   VIDEOCONFERENCE
         Plaintiffs,          )   DEPOSITION OF
                              )   ASHLEY HLEBINSKY
    vs.                       )
                              )
ELLEN F. ROSENBLUM, et al.,   )
                              )
         Defendants.          )   *CAPTION
_____)    CONTINUES*
KATERINA B. EYRE, et al.,     )
                              )
         Plaintiffs,          )
                              )
    vs.                       )
                              )
ELLEN F. ROSENBLUM, et al.,   )
                              )
         Defendants.          )
_____



DATE TAKEN:   JANUARY 20, 2023

REPORTED BY:  LORRIE R. CHINN, RPR,
Washington Certified Court Reporter No. 1902
Oregon Certified Court Reporter No. 97-0337
```

BUELL REALTIME REPORTING, LLC
206.287.9066 l 800.846.6989

Oregon Firearms Federation, Inc., et al. v. Brown, et al.                                        Ashley Hlebinsky

Page 2

1  DANIEL AZZOPARDI, et al.,      )
                                  )
2              Plaintiffs,        )
                                  )
3      vs.                        )
                                  )
4  ELLEN F. ROSENBLUM, et         )
   al.,                           )
5                                 )
               Defendants.        )
6

7

8  _____

9        VIDEO-RECORDED VIDEOCONFERENCE DEPOSITION

10                           OF

11                    ASHLEY HLEBINSKY

12 _____

13                        1:03 p.m.

14                    LAS VEGAS, NEVADA

15   (All participants appeared via videoconference.)

BUELL REALTIME REPORTING, LLC
206.287.9066  I  800.846.6989

Case 3:22-cv-01862-IM   Document 150-6   Filed 05/15/23   Page 4 of 11

Oregon Firearms Federation, Inc., et al. v. Brown, et al.                                    Ashley Hlebinsky

```
                                                          Page 3
 1            R E M O T E   A P P E A R A N C E S
 2
 3    FOR THE OFF PLAINTIFFS (via videoconference):
 4         LEONARD W. WILLIAMSON
           Van Ness, Williamson, LLP
 5         960 Liberty Street, Suite 100
           Salem, Oregon 97302
 6         503.365.8800
           l.williamson@vwllp.com
 7
 8    FOR THE DEFENDANTS (via videoconference):
 9         HARRY B. WILSON
           Markowitz Herbold, PC
10         1455 SW Broadway, Suite 1900
           Portland, Oregon 97201-3412
11         503.295.3085
           harrywilson@markowitzherbold.com
12
           BRIAN S. MARSHALL
13         Senior Assistant Attorney General
           Special Litigation Unit, Trial Division
14         Oregon Department of Justice
           100 SW Market Street
15         Portland, Oregon 97201
           971.673.1880
16         brian.s.marshall@doj.state.or.us
17
      FOR THE PROPOSED INTERVENOR-DEFENDANT OREGON ALLIANCE
18    FOR GUN SAFETY:
19         ZACHARY J. PEKELIS
           W. SCOTT FERRON
20         Pacifica Law Group, LLP
           1191 Second Avenue, Suite 2000
21         Seattle, Washington 98101-3404
           206.245.1700
22         zach.pekelis@pacificalawgroup.com
           scott.ferron@pacificalawgroup.com
23
24    ALSO PRESENT (via videoconference):
25         TANIA GRANT, VIDEOGRAPHER
```

BUELL REALTIME REPORTING, LLC
206.287.9066  l  800.846.6989

Ex. 6 - Wilson Decl.
Page 4 of 11
39b9b88f-d22f-4d83-af8f-a9a749fbfda9

Oregon Firearms Federation, Inc., et al. v. Brown, et al.                                    Ashley Hlebinsky

Page 4

1  VIDEO-RECORDED VIDEOCONFERENCE DEPOSITION
   OF ASHLEY HLEBINSKY
2
   EXAMINATION INDEX
3

4  EXAMINATION BY:                                         PAGE

5  Mr. Wilson                                              6

6  Mr. Pekelis                                             82

7  Mr. Williamson                                          145

8  Mr. Wilson                                              149

9

10                      EXHIBIT INDEX

11  EXHIBITS FOR IDENTIFICATION                            PAGE

12  Exhibit 30     Declaration of Ashley Hlebinsky          9

13  Exhibit 31     NRA Women|Ashley Hlebinsky:             97
                   Historically Speaking
14
    Exhibit 32     Testimony of Ashley Hlebinsky,          101
15                 United States Senate, Subcommittee
                   on the Constitution, Committee on
16                 the Judiciary, Stop Gun Violence:
                   Ghost Guns, May 11, 2021
17

18

19

20

21

22

23

24

25

BUELL REALTIME REPORTING, LLC
206.287.9066 | 800.846.6989

Ex. 6 - Wilson Decl.
Page 5 of 11
39b9b88f-d22f-4d83-af8f-a9a749fbfda9

Oregon Firearms Federation, Inc., et al. v. Brown, et al.　　　　　　　　　　　　Ashley Hlebinsky

Page 87

1　　Q.　Would you agree that in general most
2　historians recognized in the field as such have Ph.D.s?
3　　A.　Within the field of firearms study --
4　　Q.　No, within the --
5　　A.　-- not necessarily.
6　　Q.　-- field of history?
7　　A.　Yes, but I don't believe it's the only thing
8　that can allow you to have -- to be considered a
9　historian.
10　　Q.　Okay.  Did you write a dissertation as part of
11　your master's program?
12　　A.　I did not.  The way that University of
13　Delaware operated was they preferred research and
14　writing seminars both years.  And so instead we were
15　able to focus on different topics.  I studied armed
16　feminism and liberal activism in the 1960s and '70s
17　that involved the use of firearms.
18　　Q.　So you didn't have to defend a dissertation as
19　part of that process?
20　　A.　No.
21　　Q.　Have you authored scholarly articles in
22　peer-reviewed history journals?
23　　A.　I have written a few articles.  I've
24　participated as well in panels that have been
25　published.  One was by the Journal of Technology and

BUELL REALTIME REPORTING, LLC
206.287.9066 | 800.846.6989

Ex. 6 - Wilson Decl.
Page 6 of 11
39b9b88f-d22f-4d83-af8f-a9a749fbfda9

Case 3:22-cv-01862-IM   Document 150-6   Filed 05/15/23   Page 7 of 11

Oregon Firearms Federation, Inc., et al. v. Brown, et al.                                Ashley Hlebinsky

Page 113

1    A.   Sure thing.
2    Q.   Could you please describe the methodology that
3  you used in preparing this declaration?
4    A.   How exactly do you mean?
5    Q.   Whatever sources and methods and principles
6  that you applied in order to reach the conclusions that
7  you arrived at?
8    A.   So I took two really specific avenues on that,
9  so I looked at kind of the evolution of the technology
10 was one component of that.  And then since it was asked
11 about the laws, I looked into the laws side of it
12 rather than adding, you know, ancillary subject matter
13 on it with cultural context.
14         And then I broke it down generally by section
15 based on the Bruen decision of the Founding Era, second
16 Founding Era.  So I tried to take that component, and
17 then I tried to separate it into evolution, just what
18 was there, what wasn't there, and then any laws that I
19 found in my research that may or may not have had
20 anything to do with that particular technology.
21   Q.   Okay.  Would you agree that proper historical
22 work involves surveying the full array of available
23 sources and evaluating the reliability of those
24 sources?
25   A.   I would.

BUELL REALTIME REPORTING, LLC
206.287.9066  I  800.846.6989

Ex. 6 - Wilson Decl.
Page 7 of 11
39b9b88f-d22f-4d83-af8f-a9a749fbfda9

Case 3:22-cv-01862-IM   Document 150-6   Filed 05/15/23   Page 8 of 11

Oregon Firearms Federation, Inc., et al. v. Brown, et al.    Ashley Hlebinsky

Page 114

1  Q. Did you do this in preparing your declaration?
2  A. I read a lot of different research on it, on
3  the various subject matters. But then at the same time
4  I had experience already doing that when I built the
5  Cody Museum and worked in other collections.
6  Q. Did you --
7  A. So it wasn't just for this deposition, but
8  I've worked on a lot of different things.
9  Q. Excuse me. Did you survey the full array of
10 available sources?
11 A. I'm not sure how would categorize the full
12 array.
13 Q. Well, did you exhaust your efforts to find
14 sources to potentially provide illuminating and
15 relevant information about the subject matter?
16 A. Yes. In my research and the amount of time I
17 had, I went to every -- well, and based on my past
18 experience with it, yes, I did everything I could to
19 find what I could; although, timeframes are always
20 tight on these things. But I did look at an array of
21 sources.
22 Q. Did time constraints prevent you from
23 consulting potentially relevant sources that you might
24 otherwise have probed?
25 A. There can always be more information for you

BUELL REALTIME REPORTING, LLC
206.287.9066 I 800.846.6989

Ex. 6 - Wilson Decl.
Page 8 of 11
39b9b88f-d22f-4d83-af8f-a9a749fbfda9

Oregon Firearms Federation, Inc., et al. v. Brown, et al.                              Ashley Hlebinsky

Page 129

1   Q.  And Duncan is cited in footnote 34?
2   A.  Yes.
3   Q.  Okay.  And that's the district court's
4 decision in Duncan from 2019?
5   A.  I believe so, yes.
6   Q.  Any other sources that you relied on for that
7 proposition?
8   A.  I did see it in -- I believe I saw it also in
9 Johnson, et al., in their section on powder
10 regulations.  I believe it's in there as well.
11  Q.  And Johnson, et al., you're referring to the
12 citation in footnote 31, which is a law school
13 casebook?
14  A.  Correct.
15  Q.  Okay.  Well, let's take Duncan first.  Do
16 historians typically rely on contemporary judicial
17 opinions as sources for understanding historical
18 events?
19  A.  I think that's up to the person.  A lot of
20 times with that it's coming from experts.  So if it was
21 a place where I could find something that was a
22 succinct analysis of it and then I saw the laws on the
23 Duke site, then, yes, I would use it.
24  Q.  Okay.  It's a secondary source, you agree?
25  A.  Correct.

BUELL REALTIME REPORTING, LLC
206.287.9066  I  800.846.6989

Ex. 6 - Wilson Decl.
Page 9 of 11
39b9b88f-d22f-4d83-af8f-a9a749fbfda9

Case 3:22-cv-01862-IM   Document 150-6   Filed 05/15/23   Page 10 of 11

Oregon Firearms Federation, Inc., et al. v. Brown, et al.                         Ashley Hlebinsky

Page 130

1   Q. Probably several steps removed from the
2  original source, whatever it's relying on, you would
3  agree?
4   A. Correct.
5   Q. In this case the Duncan decision was reversed
6  by the Court of Appeals. Were you aware of that when
7  you cited it?
8   A. I wasn't aware of all of the different
9  components of it. I know it went through, and then I
10  know it went up, and now it's back down for evaluation.
11   Q. Right. So the fact that that decision was
12  actually vacated or reversed, does that cause you any
13  concern with relying on this as an assertion?
14   A. Not necessarily.
15   Q. Why not?
16   A. Because just because the overarching argument
17  created by one side may have had -- may have been
18  reversed for specific reasons, it doesn't mean that's
19  one of them.
20   Q. Let's go to paragraph 26. This is on the next
21  page, page 19. And you write, "In summary, at the time
22  of the Founding Era, laws about firearms restriction
23  were regularly directed towards groups of people rather
24  than the firearms themselves."
25      Do you see that?

BUELL REALTIME REPORTING, LLC
206.287.9066 I 800.846.6989

Ex. 6 - Wilson Decl.
Page 10 of 11
39b9b88f-d22f-4d83-af8f-a9a749fbfda9

Oregon Firearms Federation, Inc., et al. v. Brown, et al.                                          Ashley Hlebinsky

Page 151

1                    REPORTER'S CERTIFICATE

3       I, LORRIE R. CHINN, the undersigned Certified Court
Reporter, pursuant to RCW 5.28.010 authorized to administer
4  oaths and affirmations in and for the State of Washington, do
hereby certify:

6       That the sworn testimony and/or remote proceedings, a
transcript of which is attached, was given before me at the
time and place stated therein; that any and/or all witness(es)
7  were duly sworn remotely to testify to the truth; that the
sworn testimony and/or remote proceedings were by me
8  stenographically recorded and transcribed under my
supervision, to the best of my ability; that the foregoing
9  transcript contains a full, true, and accurate record of all
the sworn testimony and/or remote proceedings given and
10 occurring at the time and place stated in the transcript; that
a review of which was requested; that I am in no way related
11 to any party to the matter, nor to any counsel, nor do I have
any financial interest in the event of the cause.

Reading and signing was not requested pursuant to FRCP
13 Rule 30(e).

14       WITNESS MY HAND AND DIGITAL SIGNATURE this 26th day
of January, 2023.

17  *[signature: Lorrie R. Chinn]*

18  LORRIE R. CHINN, RPR, CCR
Washington State Certified Court Reporter No. 1902
19  Oregon State Certified Court Reporter No. 97-0337
lorrie@buellrealtime.com

BUELL REALTIME REPORTING, LLC
206.287.9066  I  800.846.6989

Ex. 6 - Wilson Decl.
Page 11 of 11
39b9b88f-d22f-4d83-af8f-a9a749fbfda9