

**Steven C. Berman** OSB No. 951769
Email: sberman@stollberne.com
**Lydia Anderson-Dana**, OSB No. 166167
Email: landersondana@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, OR  97204
Telephone:     (503) 227-1600
Facsimile:     (503) 227-6840

**William J. Taylor, Jr.** (*pro hac vice* application forthcoming)
Email: wtaylor@everytown.org
EVERYTOWN LAW
450 Lexington Ave, P.O. Box 4184
New York, NY 10017
Telephone:     (646) 324-8124
Facsimile:     (917) 410-6932

*Attorneys for Everytown for Gun Safety Action Fund*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| OREGON FIREARMS FEDERATION, INC., et al.,<br><br>        Plaintiffs,<br><br>           v.<br><br>TINA KOTEK, et al.,<br><br>        Defendants. | Case No. 2:22-cv-01815-IM *(Lead Case)*<br>Case No. 3:22-cv-01859-IM *(Trailing Case)*<br>Case No. 3:22-cv-01862-IM *(Trailing Case)*<br>Case No. 3:22-cv-01869-IM *(Trailing Case)*<br><br>**MOTION FOR LEAVE TO APPEAR AS *AMICUS CURIAE* BY EVERYTOWN FOR GUN SAFETY ACTION FUND** |
| MARK FITZ, et al.,<br><br>        Plaintiffs,<br><br>           v.<br><br>ELLEN F. ROSENBLUM, et al.,<br><br>        Defendants. | |

Page 1 -    MOTION FOR LEAVE TO APPEAR AS *AMICUS CURIAE* BY EVERYTOWN FOR GUN SAFETY ACTION FUND

| |
|---|
| KATERINA B. EYRE, et al., |
| Plaintiffs, |
| v. |
| ELLEN F. ROSENBLUM, et al., |
| Defendants. |
| DANIEL AZZOPARDI, et al., |
| Plaintiffs, |
| v. |
| ELLEN F. ROSENBLUM, et al., |
| Defendants. |

## LOCAL RULE 7-1 CERTIFICATION

On May 17, 2023, counsel for Everytown for Gun Safety Action Fund (hereafter "Everytown"), which seeks leave to appear in this case as *amicus curiae* and to submit the proposed brief attached as Exhibit A, conferred with counsel for Plaintiffs and also with counsel for Defendants.  Counsel for Defendants have consented to the motion for leave. Counsel for Plaintiffs have objected to the motion for leave.

## LEGAL STANDARD

This Court "has broad discretion to appoint amici curiae." *Greater Hells Canyon Council v. Stein*, No. 2:17-CV-00843-SU, 2018 WL 438924, at *1 (D. Or. Jan. 16, 2018) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)). "[T]here is no rule that amici must be totally disinterested." *Funbus Sys., Inc. v. Cal. Pub. Utils. Comm'n.*, 801 F.2d 1120, 1125 (9th Cir. 1986). "The classic role of amicus curiae is assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co. v.*

Page 2 -   MOTION FOR LEAVE TO APPEAR AS *AMICUS CURIAE* BY EVERYTOWN FOR GUN SAFETY ACTION FUND

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

*Comm'r of Lab. & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982) (internal quotation marks and citation omitted).

## MOTION AND STATEMENT OF INTEREST

Everytown moves the Court for an order allowing it to appear as *amicus* in this case and all related, consolidated cases, as Everytown has significant expertise related to the Second Amendment and historical firearms legislation, and requests that the Court consider its proposed brief in this matter (attached as Exhibit A), which expands on three points related to *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), and which may be helpful to the Court in considering the issues before it. *First*, Everytown's proposed brief explains that in the initial, textual inquiry of the *Bruen* framework, Plaintiffs have not met their burden to establish that large-capacity magazines are protected "arms" within the meaning of the Second Amendment and will not be able to do so at trial. *Second*, Everytown's proposed brief addresses an important question regarding historical analysis after *Bruen*—that is, whether the analysis should focus on the public understanding of the right to keep and bear arms in 1791, when the Second Amendment was ratified, or 1868, when the Fourteenth Amendment made it applicable to the states. *Bruen* identified, but did not resolve, that question. *See id.* at 2137-38. Everytown's proposed brief explains that 1868 is the correct focus and that sources in the period after 1868 are also critical to the historical analysis. As Everytown's proposed brief explains, this is particularly so under *Bruen* where, as here, the challenged ordinance implicates "unprecedented societal concerns or dramatic technological changes." *Id.* at 2132. *Third*, Everytown's proposed brief explains that, in light of *Bruen*'s discussion of the historical laws justifying sensitive places, *see id.* at 2133, even a small number of laws can be sufficient to establish this nation's tradition of firearm regulation. Everytown respectfully submits that the explication of these

Page 3 -   MOTION FOR LEAVE TO APPEAR AS *AMICUS CURIAE* BY EVERYTOWN FOR GUN SAFETY ACTION FUND

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

methodological issues in the attached amicus brief would assist the Court's decision-making. *Cf. Goldstein v. Hochul*, No. 1:22-cv-08300 (S.D.N.Y. Oct. 20, 2022), Dkt. 44 (reasoned order granting Everytown's motion for leave to file similar amicus brief in post-*Bruen* challenge to New York law).

Everytown is the nation's largest gun-violence-prevention organization, with nearly ten million supporters across the country, including almost 200,000 in Oregon. Everytown was founded in 2014 as the combined effort of Mayors Against Illegal Guns, a national, bipartisan coalition of mayors combating illegal guns and gun trafficking, and Moms Demand Action for Gun Sense in America, an organization formed after a gunman murdered twenty children and six adults at an elementary school in Newtown, Connecticut. The mayors of 12 Oregon cities are members of Mayors Against Illegal Guns. Everytown also includes a large network of gun-violence survivors who are empowered to share their stories and advocate for responsible gun laws, as well as a national movement of high school and college students working to end gun violence.[1]

Over the past several years, Everytown has devoted substantial resources to researching and developing expertise in historical firearms legislation. Everytown has drawn on that expertise to file more than 60 amicus briefs in Second Amendment and other firearms cases, offering historical and doctrinal analysis, as well as social science and public policy research, that might otherwise be overlooked. *See, e.g.*, *Bevis v. City of Naperville*, No. 23-1353, Dkt. 89 (7th Cir. May 10, 2023); *Boland v. Bonta*, No. 23-55276, Dkt. 19 (9th Cir. May 5, 2023); *Barnett v. Raoul*, No. 3:23-cv-00209, Dkt. 54 (S.D. Ill. Mar. 16, 2023). Several courts have expressly

---

[1] No party's counsel authored this brief in whole or part and, apart from Everytown, no person contributed money to fund its preparation or submission.

Page 4 -   MOTION FOR LEAVE TO APPEAR AS *AMICUS CURIAE* BY EVERYTOWN FOR GUN SAFETY ACTION FUND

relied on Everytown's amicus briefs in deciding Second Amendment and other firearms cases. *See Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Att'y Gen. N.J.*, 910 F.3d 106, 112 n.8 (3d Cir. 2018); *Rupp v. Becerra*, 401 F. Supp. 3d 978, 991-92, 992 n.11 (C.D. Cal. 2019), *vacated and remanded*, No. 19-56004, 2022 WL 2382319 (9th Cir. June 28, 2022); *see also Rehaif v. United States*, 139 S. Ct. 2191, 2210 n.4, 2211 n.7 (2019) (Alito, J., dissenting).

This motion is timely under this Court's May 17, 2023 Order Re: Motions for Leave to Appear as Amicus Curiae (Dkt. 184). The motion is also timely by analogy to the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 29(a)(6) ("An amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed."). Everytown is filing this motion 1 day after Defendants filed their opposition to Plaintiffs' motion for summary judgment, 3 days after Defendants filed their trial brief, 1 day before the deadline for Plaintiffs' summary judgment reply, and 18 days before the start of trial. Accordingly, granting this motion would not cause any delays to the litigation.

## CONCLUSION

For these reasons, Everytown respectfully requests it be permitted to appear as *amicus* in this case and all related, consolidated cases and to submit the proposed brief attached as Exhibit A.

Page 5 -   MOTION FOR LEAVE TO APPEAR AS *AMICUS CURIAE* BY EVERYTOWN FOR GUN SAFETY ACTION FUND

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

DATED this 18th day of May, 2023.

        STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

        By: s/ Lydia Anderson-Dana
          **Steven C. Berman**, OSB No. 951769
          Email:  sberman@stollberne.com
          **Lydia Anderson-Dana**, OSB No. 166167
          Email: landersondana@stollberne.com

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:     (503) 227-1600
Facsimile:       (503) 227-6840

and

**William J. Taylor, Jr.** (*pro hac vice* application forthcoming)
Email:  wtaylor@everytown.org
EVERYTOWN LAW
450 Lexington Ave, P.O. Box 4184
New York, NY 10017
Telephone:     (646) 324-8124
Facsimile:       (917) 410-6932

*Attorneys for Everytown for Gun Safety Action Fund*

Page 6 -   MOTION FOR LEAVE TO APPEAR AS *AMICUS CURIAE* BY EVERYTOWN FOR GUN SAFETY ACTION FUND