Shawn M. Lindsay
shawn@jurislawyer.com
Daniel J. Nichols
dan@jurislawyer.com
JurisLaw LLP
Three Centerpointe Drive, Suite 160
Lake Oswego, OR 97035
Telephone: (503) 968-1475

*Attorneys for Eyre Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| OREGON FIREARMS FEDERATION, INC., et al.,<br><br>     Plaintiffs,<br><br>  v.<br><br>TINA KOTEK, et al.,<br><br>     Defendants. | Case No. 2:22-cv-01815-IM *(Lead Case)*<br>Case No. 3:22-cv-01859-IM *(Trailing Case)*<br>Case No. 3:22-cv-01862-IM *(Trailing Case)*<br>Case No. 3:22-cv-01869-IM *(Trailing Case)*<br><br>CONSOLIDATED CASES<br><br>**AGREED-UPON FACTS** |
| MARK FITZ, et al.,<br><br>     Plaintiffs,<br><br>  v.<br><br>ELLEN F. ROSENBLUM, et al.,<br><br>     Defendants. | |
| KATERINA B. EYRE, et al.,<br><br>     Plaintiffs,<br><br>  v.<br><br>ELLEN F. ROSENBLUM, et al.,<br><br>     Defendants. | |
| DANIEL AZZOPARDI, et al.,<br><br>     Plaintiffs,<br><br>  v.<br><br>ELLEN F. ROSENBLUM, et al.,<br><br>     Defendants. | |

AGREED-UPON FACTS

## AGREED-UPON FACTS[1]

The parties stipulate to the following facts.

1. Plaintiff Katerina B. Eyre is a resident of Washington County, Oregon.

2. Plaintiff Tim Freeman is a resident of Douglas County, Oregon.

3. Plaintiff Mazama Sporting Goods ("Mazama"), a d/b/a of Sitatunga Services, LLC, is a family-owned sporting goods store that sells firearms, fishing gear, and related products, including ammunition and magazines, located in Eugene, Oregon.

4. Before Measure 114 took effect, Mazama possessed and sold magazines with a capacity of more than 10 rounds.

5. Plaintiff National Shooting Sports Foundation is a trade association for the firearm, ammunition, and hunting and shooting sports industry.

6. Plaintiff Oregon State Shooting Association is an Oregon not-for-profit corporation. Its organizational objectives include promoting, in every lawful way, all types of legal firearms activities in the State of Oregon; raising the general proficiency in the use of firearms; supporting the Second Amendment to the Constitution of the United States; educationally imparting to the citizens of good repute a better knowledge in the safe handling and proper care of firearms; encouraging the sport of competitive marksmanship and target shooting; and coordinating and encouraging efforts of member clubs and individuals in the field of firearm safety, marksmanship training and all types of recreational shooting.

7. Plaintiff Daniel Azzopardi is a resident of Yamhill County, Oregon.

---

[1] Agreed-upon facts 1-71 were included in the Parties joint proposed pretrial order, ECF No. 161.

8. Sportsman's Warehouse, Inc. ("Sportsman's") is a firearms retailer with eight locations in Oregon. Sportsman's has retail locations in Multnomah, Washington, Jackson, Douglas, Marion, Deschutes, Linn, and Klamath Counties. Sportsman's is a publicly traded company.

9. Each Sportsman's location in Oregon is a federally licensed firearm dealer.

10. Plaintiff Mark Fitz is a resident of Clackamas County, Oregon.

11. Mr. Fitz owns a firearm equipped with a magazine in excess of ten rounds.

12. Grayguns, Inc. is a federally licensed firearm dealer located in Douglas County which sells firearms in Oregon equipped with magazines with a capacity in excess of ten rounds, as well as standalone magazines with a capacity in excess of ten rounds.

13. G4 Archery, LLC ("G4 Archery") is a federally-licensed firearm dealer located in Washington County, Oregon, which sells firearms in Oregon equipped with magazines with a capacity in excess of ten rounds, as well as standalone magazines with a capacity in excess of ten rounds.

14. Second Amendment Foundation ("SAF") is a 501(c)(3) nonprofit educational foundation incorporated under the laws of Washington with its principal place of business in Bellevue, Washington.

15. Firearms Policy Coalition, Inc. ("FPC") is a 501(c)(4) non-profit organization incorporated under the laws of Delaware with its principal place of business in Sacramento, California.

16. Plaintiff Oregon Firearms Federation, Inc. ("OFF") is an Oregon public benefit non-profit corporation.

17. Plaintiff Adam Johnson is a resident of Marion County, Oregon.

18. Mr. Johnson owns Coat of Arms Custom Firearms, a store in Keizer, Oregon.

19. Plaintiff Harold Richard Haden is resident of Umatilla, County.

20. Plaintiff Brad Lohrey is a resident of Sherman County and the Sheriff of Sherman County.

21. Lohrey owns magazines with a capacity of 10 or more rounds.

22. Plaintiff Cody Bowen is a resident of Union County and the Sheriff of Union County.

23. Bowen owns magazines with a capacity of 10 or more rounds.

24. Plaintiff Brian Pixley is a resident of Columbia County and the Sheriff of Columbia County.

25. Pixley owns magazines with a capacity of 10 or more rounds.

26. Plaintiff Terry Rowan is a resident of Umatilla County and the Sheriff of Umatilla County.

27. Rowan owns magazines with a capacity of 10 or more rounds.

28. Plaintiff Kevin Starrett is a resident of Clackamas County.

29. Starrett is the President of the Oregon Firearms Federation.

30. Plaintiff Damian Bunting is a resident of Multnomah County.

31. Defendant Ellen F. Rosenblum is the Attorney General of Oregon. She is the chief law officer for the state and all its departments. Attorney General Rosenblum is a resident of Oregon, and her principal place of business is in Salem, Oregon.

32. Casey Codding is Superintendent of the Oregon State Police.

33. The Superintendent of the Oregon State Police is the executive and administrative head of the Oregon State Police.

34. As described in ORS 181A.080, the Oregon State Police are charged with the enforcement of all criminal laws in Oregon.

35. Oregon voters passed Ballot Measure 114 ("Measure 114") on November 8, 2022.

36. Measure 114 was scheduled to take effect on December 8, 2022.

37. The Oregon State Police ("OSP") has adopted administrative rules that govern some procedures for issuing permits to purchase. OAR 257-010-0065(1)-(6).

38. OSP has prepared an application for permits to purchase.

39. OSP is prepared today to receive completed applications and fingerprint cards collected by permit agents via fax or United States Mail.

40. Some permit agents have access to LiveScan electronic fingerprint machines that permit the electronic transfer of fingerprints.

41. OSP estimates it will take 30 business days for the vendor to set up the LiveScan fingerprint system.

42. The FBI has informed OSP that it will not perform fingerprint-based criminal background checks for permit applicants based on its determination that Ballot Measure 114 does not meet the requirements of Pub. L. 92-544.

43. The Oregon State Sheriffs Association ("OSSA") and Oregon Association of Chiefs of Police ("OACP") have created working groups that address the implementation of Measure 114. The workgroups have made recommendations about the process for permit agents to issue permits and certify in-person demonstration instructors.

44. A firearm magazine is a device attached or attachable to a firearm that stores ammunition.

45. A firearm magazine is a device that feeds ammunition into firearms.

46. Firearm magazines can either be detachable or fixed.

47. A detachable magazine can be loaded or unloaded while detached from a firearm and readily inserted in a firearm.

48. A fixed magazine is contained in or permanently attached to a firearm in such a manner that the device cannot be removed without disassembly of the firearm action.

49. Magazines that hold more than 10 rounds of ammunition are owned and possessed by millions of Americans.

50. Americans sometimes use magazines capable of holding more than 10 rounds for lawful purposes.

51. Some semiautomatic pistols currently on the market today in some states come standard with detachable magazines capable of holding more than 10 rounds of ammunition.

52. Some semiautomatic rifles currently on the market today in some states come standard with detachable magazines capable of holding more than 10 rounds of ammunition.

53. The Sig Sauer P365, Smith & Wesson M&P92, and Smith & Wesson M&P AR15 are capable of using a magazine with more than 10 rounds of ammunition.

54. The Sig Sauer P365, Smith & Wesson M&P92, and Smith & Wesson M&P AR15 are capable of using a magazine with 10 or fewer rounds.

55. Some people sometimes carry firearms equipped with magazines to defend themselves.

56. The federal government did not regulate the firing capacity of semi-automatic firearms until 1994.

57. The federal government ceased regulating the firing capacity of semi-automatic firearms after 2004.

AGREED-UPON FACTS                                                                          6

58. Most gun owners in the Eighteenth Century owned single-shot, muzzle loading firearms, such as muskets.

59. The Girardoni air rifle, developed around 1779, had a 22-round capacity.

60. Samuel Colt patented a revolver in 1836.

61. During the mid-19th century, advances in technology transformed ammunition from powder and ball (bullet) inserted loose or in paper cartridges, to metallic cartridges that contained primer, powder, and bullet.

62. The Henry rifle came onto the U.S. market in 1860.

63. The Henry rifle could fire sixteen shots without reloading.

64. In 1896, Mauser developed a semi-automatic, recoil-operated pistol.

65. Murders committed by individuals wielding firearms occurred in the United States in the 19th century.

66. Episodes in which multiple individuals were killed by people wielding firearms occurred in the U.S. in the 19th century.

67. The magazines prohibited from sale under Measure 114 have some monetary value on the open market.

68. The state has not issued guidance on what it means to "[p]ermanently alter" a magazine "so that it is not capable, upon alteration in the future, of accepting more than 10 rounds of ammunition."

69. All ten of the highest-selling pistols in the U.S. in 2022 can function with magazines with a maximum capacity of 10 or fewer rounds.

70. Most major firearm manufacturers offer models that come standard with a magazine with a maximum capacity of 10 rounds or fewer.

AGREED-UPON FACTS                                                                                    7

71. Most major firearm manufacturers already make models that are compliant with laws in other states that also prohibit the sale of magazines with more than 10 rounds (e.g., California).

## ADDITIONAL AGREED-UPON FACTS[2]

72.     If called at trial, Plaintiff Katie Eyre would testify that she is not prohibited from purchasing or acquiring a firearm under state or federal law (setting aside Measure 114). Defendants and Intervenor do not have evidence to rebut such testimony.

73.     Before Measure 114 took effect, Eyre purchased magazines capable of holding more than 10 rounds of ammunition for the semi-automatic pistol she owns.

74.     Eyre currently possesses one or more firearm magazines capable of accepting more than 10 rounds of ammunition.

75.     But for Measure 114, Eyre would acquire more magazines capable of holding more than 10 rounds of ammunition.

76.     If called at trial, Plaintiff Tim Freeman would testify that he is not prohibited from purchasing or acquiring a firearm under state or federal law (setting aside Measure 114). Defendants and Intervenor do not have evidence to rebut such testimony.

77.     Before Measure 114 took effect, Mr. Freeman purchased magazines capable of holding more than 10 rounds of ammunition for the semi-automatic firearms he owns.

78.     Freeman currently possesses one or more firearm magazines capable of accepting more than 10 rounds of ammunition.

---

[2] The additional agreed-upon facts are entered into on the condition that Plaintiffs do not call related fact witnesses at trial. If a fact witness is called as a witness at trial, then Defendants and Intervenor withdraw their stipulations to the additional facts regarding that fact witness or any related organization.

79.     But for Measure 114, Freeman would acquire more magazines capable of holding more than 10 rounds of ammunition.

80.     But for Measure 114, Mazama would continue possessing and selling ammunition feeding devices that hold more than 10 rounds.

81.     NSSF has members in Oregon, which include businesses.

82.     If called at trial, Kevin Starrett would testify that he is not prohibited from purchasing or acquiring a firearm under state or federal law (setting aside Measure 114). Defendants and Intervenor do not have evidence to rebut such testimony.

83.     Before Measure 114 took effect, Starrett purchased magazines capable of holding more than 10 rounds of ammunition for the semi-automatic firearms he owns.

84.     Starrett currently possesses one or more firearm magazines capable of accepting more than 10 rounds of ammunition.

85.     But for Measure 114, Starrett would acquire more magazines capable of holding more than 10 rounds of ammunition.

86.     If called at trial, Adam Johnson would testify that he is not prohibited from purchasing or acquiring a firearm under state or federal law (setting aside Measure 114). Defendants and Intervenor do not have evidence to rebut such testimony.

87.     Before Measure 114 took effect, Johnson purchased magazines capable of holding more than 10 rounds of ammunition for the semi-automatic firearms he owns.

88.     Johnson currently possesses one or more firearm magazines capable of accepting more than 10 rounds of ammunition.

89.     But for Measure 114, Johnson would acquire more magazines capable of holding more than 10 rounds of ammunition.

AGREED-UPON FACTS                                                                              9

90.    Johnson holds a valid federal firearms license issued to him by ATF.

91.    Coat of Arms Custom Firearms sells firearms and magazines for firearms.

92.    But for Measure 114, Coat of Arms Custom Firearms would continue possessing and selling ammunition feeding devices to the public that hold more than 10 rounds.

93.    If called at trial, Harold Richard Haden would testify that he is not prohibited from purchasing or acquiring a firearm under state or federal law (setting aside Measure 114). Defendants and Intervenor do not have evidence to rebut such testimony.

94.    Before Measure 114 took effect, Haden purchased magazines capable of holding more than 10 rounds of ammunition for the semi-automatic firearms he owns.

95.    Haden currently possesses one or more firearm magazines capable of accepting more than 10 rounds of ammunition.

96.    But for Measure 114, Haden would acquire more magazines capable of holding more than 10 rounds of ammunition.

97.    Haden owns Garner's Sporting Goods, a store in Pendleton, Oregon, that sells firearms and magazines for firearms.

98.    Haden holds a valid federal firearms license issued to him by ATF.

99.    But for Measure 114, Garner's Sporting Goods would continue possessing and selling ammunition feeding devices to the public that hold more than 10 rounds.

100.    If called at trial, Damian Bunting would testify that he is not prohibited from purchasing or acquiring a firearm under state or federal law (setting aside Measure 114). Defendants and Intervenor do not have evidence to rebut such testimony.

101.    Before Measure 114 took effect, Bunting purchased magazines capable of holding more than 10 rounds of ammunition for the semi-automatic firearms he owns.

102.    Bunting currently possesses one or more firearm magazines capable of accepting more than 10 rounds of ammunition.

103.    But for Measure 114, Bunting would acquire more magazines capable of holding more than 10 rounds of ammunition.

104.    If called at trial, Sheriff Brad Lohrey would testify that he is not prohibited from purchasing or acquiring a firearm under state or federal law (setting aside Measure 114). Defendants and Intervenor do not have evidence to rebut such testimony.

105.    Before Measure 114 took effect, Lohrey purchased magazines capable of holding more than 10 rounds of ammunition for the semi-automatic firearms he owns.

106.    Lohrey currently possesses one or more firearm magazines capable of accepting more than 10 rounds of ammunition.

107.    But for Measure 114, Lohrey would acquire more magazines capable of holding more than 10 rounds of ammunition.

108.    If called at trial, Sheriff Cody Bowen would testify that he is not prohibited from purchasing or acquiring a firearm under state or federal law (setting aside Measure 114). Defendants and Intervenor do not have evidence to rebut such testimony.

109.    Before Measure 114 took effect, Bowen purchased magazines capable of holding more than 10 rounds of ammunition for the semi-automatic firearms he owns.

110.    Bowen currently possesses one or more firearm magazines capable of accepting more than 10 rounds of ammunition.

111.    But for Measure 114, Bowen would acquire more magazines capable of holding more than 10 rounds of ammunition.

112.    If called at trial, Sheriff Terry Rowan would testify that he is not prohibited from purchasing or acquiring a firearm under state or federal law (setting aside Measure 114). Defendants and Intervenor do not have evidence to rebut such testimony.

113.    Before Measure 114 took effect, Rowan purchased magazines capable of holding more than 10 rounds of ammunition for the semi-automatic firearms he owns.

114.    Rowan currently possesses one or more firearm magazines capable of accepting more than 10 rounds of ammunition.

115.    But for Measure 114, Rowan would acquire more magazines capable of holding more than 10 rounds of ammunition.

116.    If called at trial, Sheriff Brian Pixley would testify that he is not prohibited from purchasing or acquiring a firearm under state or federal law (setting aside Measure 114). Defendants and Intervenor do not have evidence to rebut such testimony.

117.    Before Measure 114 took effect, Pixley purchased magazines capable of holding more than 10 rounds of ammunition for the semi-automatic firearms he owns.

118.    Pixley currently possesses one or more firearm magazines capable of accepting more than 10 rounds of ammunition.

119.    But for Measure 114, Pixley would acquire more magazines capable of holding more than 10 rounds of ammunition.

120.    The Oregon Firearms Federation ("OFF") states that its objectives in Oregon include defending and promoting individual rights protected by the Second Amendment of the United States Constitution to keep and bear arms for the benefit of the citizens of the United State.  OFF states that it engages in legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs to advance the objectives of the

organization. OFF states that it seeks to defend the civil rights of all law-abiding individuals including the fundamental right to acquire and possess commonly used firearms.

121.    If called at trial, Daniel Azzopardi would testify that he is not prohibited from purchasing or acquiring a firearm under state or federal law (setting aside Measure 114). Defendants and Intervenor do not have evidence to rebut such testimony.

122.    Before Measure 114 took effect, Azzopardi purchased magazines capable of holding more than 10 rounds of ammunition for the semi-automatic firearms he owns.

123.    Azzopardi currently possesses one or more firearm magazines capable of accepting more than 10 rounds of ammunition.

124.    But for Measure 114, Azzopardi would acquire more magazines capable of holding more than 10 rounds of ammunition.

125.    If called at trial, Mark Fitz would testify that he is not prohibited from purchasing or acquiring a firearm under state or federal law (setting aside Measure 114). Defendants and Intervenor do not have evidence to rebut such testimony.

126.    Before Measure 114 took effect, Fitz purchased magazines capable of holding more than 10 rounds of ammunition for the semi-automatic firearms he owns.

127.    Fitz currently possesses one or more firearm magazines capable of accepting more than 10 rounds of ammunition.

128.    But for Measure 114, Fitz would acquire more magazines capable of holding more than 10 rounds of ammunition.

129.    The Second Amendment Foundation ("SAF") states that its objectives include preserving the effectiveness of the Second Amendment through education, research, publishing, and legal action programs focused on the constitutionally protected right to possess firearms and

firearm ammunition, and the consequences of gun control. SAF has over 700,000 members and supporters nationwide, including thousands of members in Oregon.

130.    Mr. Fitz and one or more owners of Grayguns and G4 Archery are all members of SAF.

131.    The Firearms Policy Coalition, Inc. ("FPC") states that its objectives include defending and promoting the People's rights—especially the fundamental, individual Second Amendment right to keep and bear arms, advancing individual liberty, and restoring freedom through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs. FPC's members reside both within and outside Oregon.

132.    Mr. Fitz and one or more owners of Grayguns and G4 Archery are all members of FPC.

133.    But for Measure 114, Grayguns, Inc. would continue possessing and selling ammunition feeding devices to the public that hold more than 10 rounds.

134.    But for Measure 114, G4 Archery, LLC would continue possessing and selling ammunition feeding devices to the public that hold more than 10 rounds.

135.    No plaintiff has applied for a permit to purchase a firearm.

DATED:  May 22, 2023

Paul D. Clement*
Erin E. Murphy*
Matthew D. Rowen*
Nicholas M. Gallagher*
Clement & Murphy, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900

* admitted *pro hac vice*


s/ Stephen Joncus
Stephen J. Joncus, OSB #013072
JONCUS LAW PC
13203 SE 172nd Ave Ste 166 #344
Happy Valley, OR  97086
(971) 236-1200
steve@joncus.net

JURISLAW LLP

s/ Shawn M. Lindsay
Shawn M. Lindsay (OSB No.: 020695)
Daniel J. Nichols (OSB No.: 101304)
Three Centerpointe Drive
Suite 160
Lake Oswego, OR 97035
(503) 968-1475
shawn@jurislawyer.com

*Counsel for Eyre Plaintiffs*


s/ Leonard W. Williamson
Leonard W. Williamson, OSB #910020
VAN NESS WILLIAMSON LLP
960 Liberty St. SE, Ste 100
Salem, OR 97302
(503) 365-8800
l.williamson@vwllp.com

*Counsel for OFF Plaintiffs*


s/ James L. Buchal
James L. Buchal, OSB #910020
MURPHY & BUCHAL LLP
PO Box 86620
Portland, OR 97286
(503) 227-1011
jbuchal@mbllp.com

*Counsel for Fitz and Azzopardi Plaintiffs*


AGREED-UPON FACTS                                                        15

## ATTORNEY CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2023, I have made service of the foregoing **PLAINTIFFS' AMENDED WITNESS LIST** of the party listed below in the manner indicated:

Matthew D. Rowen
Erin E. Murphy
Nicholas M. Gallagher
Paul D. Clement
Clement & Murphy, PLLC
706 Duke Street
Alexandria, VA 22314
*Attorney for Eyre Plaintiffs*

☐ U.S Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☐ Email:
matthew.rowen@clementmurphy.com;
erin.murphy@clementmurphy.com;
nicholas.gallagher@clementmurphy.com;
paul.clement@clementmurphy.com
☒ Electronically via USDC CM/ECF system

Jessica A. Skelton
Zachary J. Pekelis
Kai Smith
W. Scott Ferron
Pacific Law Group LLP
1191 Second Avenue, Suite 2000
Seattle, WA 98101-3404
*Attorney for Proposed Intervenor-Defendant Oregon Alliance for Gun Safety*

☐ U.S Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☐ Email:
jessica.skelton@pacificlawgroup.com;
zach.pekelis@pacificalawgroup.com;
kai.smith@pacificlawgroup.com;
scott.ferron@pacificlawgroup.com
☒ Electronically via USDC CM/ECF system

James L. Buchal
Murphy & Buchal
PO Box 86620
Portland, OR 97286
*Attorney for Fitz Plaintiffs*

☐ U.S Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☐ Email: jbuchal@mbllp.com
☒ Electronically via USDC CM/ECF system

William Bergstrom
Cooper & Kirk, PLLC
1523 New Hampshire Avenue, NW
Washington, DC 20036
*Attorney for Fitz Plaintiffs*

☐ U.S Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☐ Email: wbergstrin@cooperkirk.com
☒ Electronically via USDC CM/ECF system

D. Angus Lee
Angus Lee Law Firm, PLLC
9105A NE HWY 99, Suite 200
Vancouver, WA
*Attorney for Fitz Plaintiffs*

☐ U.S Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☐ Email: Angus@AngusLeeLaw.com
☒ Electronically via USDC CM/ECF system

James L. Buchal
Murphy & Buchal
PO Box 86620
Portland, OR 97286
*Attorney for Azzopardi Plaintiffs*

☐ U.S Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☐ Email: jbuchal@mbllp.com
☒ Electronically via USDC CM/ECF system

William Sack
Firearms Policy Coalition, Inc.
5550 Painted Mirage Rd., Suite320
Las Vegas, NV 89149
*Attorney for Azzopardi Plaintiffs*

☐ U.S Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☐ Email: Wsack@FPClaw.org
☒ Electronically via USDC CM/ECF system

Adam Kraut
Second Amendment Foundation
12500 NE Tenth Place
Bellevue, WA 98665
*Attorney for Azzopardi Plaintiffs*

☐ U.S Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☐ Email: akraut@saf.org
☒ Electronically via USDC CM/ECF system

D. Angus Lee
Angus Lee Law Firm, PLLC
9105A NE HWY 99, Suite 200
Vancouver, WA
*Attorney for Azzopardi Plaintiffs*

☐ U.S Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☐ Email: Angus@AngusLeeLaw.com
☒ Electronically via USDC CM/ECF system

Stephen J. Joncus
Joncus Law LLC
13203 SE 172nd Ave, Ste 166 #344
Happy Valley, OR 97086
*Attorney for OFF Plaintiffs*

☐ U.S Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☐ Email: steve@joncus.net
☒ Electronically via USDC CM/ECF system

Leonard W. Williamson
Van Ness Williamson
960 Liberty Street S, Suite 100
Salem, OR 97302
*Attorney for OFF Plaintiffs*

☐ U.S Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☐ Email: 1.williamson@vwllp.com
☒ Electronically via USDC CM/ECF system

Pete Serrano
Silent Majority Foundation
5238 Outlet Drive
Pasco, WA 99301
*Attorney for OFF Plaintiffs*

☐ U.S Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☐ Email: pete@silentmajorityfoundation.org
☒ Electronically via USDC CM/ECF system

| | |
|---|---|
| Jessica A. Skelton<br>Zachary J. Pekelis<br>Kai Smith<br>W. Scott Ferron<br>Pacific Law Group LLP<br>1191 Second Avenue, Suite 2000<br>Seattle, WA 98101-3404<br>*Attorney for Proposed Intervenor-Defendant*<br>*Oregon Alliance for Gun Safety* | ☐ U.S Mail<br>☐ Facsimile<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☐ Email:<br>jessica.skelton@pacificlawgroup.com;<br>zach.pekelis@pacificalawgroup.com;<br>kai.smith@pacificlawgroup.com;<br>scott.ferron@pacificlawgroup.com<br>☒ Electronically via USDC CM/ECF system |
| Brian Simmonds Marshall<br>Oregon Department of Justice<br>Trial Division<br>Special Litigation Unit<br>100 SW Market Street<br>Portland, OR 97201<br>*Attorney for Defendants* | ☐U.S Mail<br>☐ Facsimile<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☐ Email: brain.s.marshal@doj.state.or.us<br>☒ Electronically via USDC CM/ECF system |
| Erin N. Dawson<br>Hannah Hoffman<br>Harry B. Wilson<br>Markowitz Herbold PC<br>1455 SW Broadway, Suite 1900<br>Portland, OR 97201<br>*Attorney for Defendants* | ☐ U.S Mail<br>☐ Facsimile<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☐ Email:<br>erindawson@markowitzherbold.com;<br>HannahHoffman@markowitzherbold.com;<br>harrywilson@markowitzherbold.com<br>☒ Electronically via USDC CM/ECF system |

DATED:  May 22, 2023

JURISLAW LLP

s/Daniel J. Nichols
Daniel J. Nichols (OSB No.: 101304)
Three Centerpointe Drive
Suite 160
Lake Oswego, OR 97035
(503) 968-1475
dan@jurislawyer.com

*Counsel for Eyre Plaintiffs*