**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **OREGON FIREARMS FEDERATION, et al.**,<br><br>   Plaintiffs,<br><br>  v.<br><br>**TINA KOTEK, et al.**,<br><br>   Defendants.<br>_____<br>**MARK FITZ, et al.**,<br><br>   Plaintiffs,<br><br>  v.<br><br>**ELLEN F. ROSENBLUM, et al.**,<br><br>   Defendants.<br>_____<br>**KATERINA B. EYRE, et al.**,<br><br>   Plaintiffs,<br><br>  v. | Case No. 2:22-cv-01815-IM (Lead Case)<br>     3:22-cv-01859-IM (Trailing Case)<br>     3:22-cv-01862-IM (Trailing Case)<br>     3:22-cv-01869-IM (Trailing Case)<br><br>**ORDER RESERVING RULING ON DEFENDANTS' MOTION IN LIMINE, DENYING PLAINTIFFS' MOTIONS IN LIMINE, DENYING DEFENDANTS'** *DAUBERT* **MOTIONS, AND DENYING PLAINTIFFS'** *DAUBERT* **MOTIONS** |

1 – ORDER

**ELLEN F. ROSENBLUM, et al.**,

       Defendants.

---

**DANIEL AZZOPARDI, et al.**,

       Plaintiffs,

  v.

**ELLEN F. ROSENBLUM, et al.**,

       Defendants.

---

**IMMERGUT, District Judge.**

Before this Court is Defendants' Motion in Limine, ECF 171, Plaintiffs' Motions in Limine, ECF 180, Defendants' *Daubert* Motions, ECF 174, and Plaintiffs' *Daubert* Motions, ECF 177. For the reasons stated on the record at the May 30, 2023 Pretrial Conference, this Court reserves ruling on Defendants' Motion in Limine, ECF 171, and DENIES the remainder of the parties' motions, ECF 180, ECF 174, ECF 177.

**A. Defendants' Motion in Limine**

    **1. Exclude the "2021 National Firearms Survey: Updated Analysis Including Types of Firearms Owned" and All Testimony Relying on the Survey**

RULING RESERVED. This Court orders the parties to provide supplemental briefing regarding the scope and form of evidence to be admitted at trial, including whether surveys such as the English Survey may be admitted notwithstanding Defendants' hearsay objections. *See* ECF 222.

**B. Plaintiffs' Motions in Limine**

    **1. Exclude Medical Testimony About Treating Gunshot Victims**

2 – ORDER

DENIED. To the extent that this Court must determine whether large-capacity magazines ("LCMs") constitute a "dramatic technological change[]," evidence of the types of injuries caused by LCMs, if compared to earlier firearms, is relevant. *New York State Rifle & Pistol Ass'n., Inc. v. Bruen*, 142 S. Ct. 2111, 2131 (2022). This evidence is also relevant to determining whether LCMs are weapons that are "most useful in military service," which are not necessarily protected by the Second Amendment. *See Heller v. District of Columbia*, 554 U.S. 570, 627 (2008). This Court finds that any risk of prejudice under Federal Rule of Evidence 403 is likely limited in this bench trial, such that the probative value of this evidence outweighs any prejudicial affect.

**2. Exclude Evidence Regarding the Number of Rounds Actually Fired In Self-Defense Situations**

DENIED. Understanding whether LCMs are actually fired in self-defense situations is relevant to determining whether LCMs are in common use for lawful purposes such as self-defense. *Bruen*, 142 S. Ct. at 2134; *see also Heller*, 554 U.S. at 624.

**3. Exclude Evidence Regarding Public Carry Laws**

DENIED. Evidence regarding the existence or scope of public carry laws is relevant to the question of whether Oregon Ballot Measure 114's ("BM 114") is consistent with the history and tradition of firearm regulation. It is for this Court, not for Plaintiffs in a motion in limine, to determine whether laws offered by Defendants are sufficiently analogous to BM 114.

**4. Exclude Evidence Regarding Public Safety Interest**

DENIED. To the extent that this Court needs to determine whether BM 114 is consistent with this Nation's historical tradition of firearm regulation and, in doing so, consider whether BM 114 and historical regulations "impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified," *Bruen*, 142 S. Ct. at 2133, Defendants'

interest in public safety is relevant. Defendants' interest in public safety is also relevant to Plaintiffs' Fifth Amendment Takings Clause claim as this Court must consider whether BM 114 constitutes a valid exercise of Oregon's police power. *See Mugler v. Kansas*, 123 U.S. 623, 668–69 (1887); *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1027 (1992).

### 5. Exclude Evidence Regarding Mass Shootings

DENIED. To the extent that this Court needs to determine whether BM 114 seeks to address an "unprecedented societal concern[]," *Bruen*, 142 S. Ct. at 2132, evidence regarding the prevalence and nature of mass shootings is relevant. Evidence regarding the prevalence and nature of mass shootings that involved the use of LCMs is also relevant to considering the typical use of LCMs in order to determine whether they are arms protected by the Second Amendment. *Id.* at 2126, 2134.

### C. Defendants' *Daubert* Motions

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court held that the Federal Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." 509 U.S. 579, 597 (1993). Though *Daubert* itself considered expert testimony based on scientific knowledge, the Supreme Court has made clear that "*Daubert's* general holding—setting forth the trial judge's general 'gatekeeping' obligation—applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999).

"Under *Daubert* and its progeny . . . , a district court's inquiry into admissibility is a flexible one." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014). The trial court serves as "a gatekeeper, not a fact finder." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010) (internal quotation marks and citation omitted). District courts "have considerable

4 – ORDER

leeway in . . . determining whether particular expert testimony is reliable," and "*how* to test an expert's reliability." *Kumho Tire Co.*, 526 U.S. at 152. "[T]he judge is supposed to screen . . . unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969–70 (9th Cir. 2013). "[T]here is less danger that a trial court will be unduly impressed by the expert's testimony or opinion in a bench trial." *F.T.C v. BurnLounge, Inc.*, 753. F.3d 878, 888 (9th Cir. 2014) (internal quotation marks and citation omitted).

1. **Massad Ayoob**

DENIED. Ayoob has practical experience with firearms that render him sufficiently knowledgeable about how LCMs might be useful in self-defense situations. However, Ayoob may not testify about quantifiable data on the frequency with which any particular number of rounds are fired in self-defense situations as Ayoob does not have relevant experience with statistical analyses or data.[1]

2. **Clayton Cramer**

DENIED as moot. Plaintiffs' counsel represented at the Pretrial Conference that Cramer has been withdrawn as a witness in this case.

3. **Ashley Hlebinsky**

DENIED. Hlebinsky has sufficient experience as a historian to testify to the historical development of firearms technology. To the extent that Defendants argue that Hlebinsky's testimony is based on misleading or incomplete methodology, those arguments go to the testimony's weight rather than its admissibility. *See Kennedy v. Collagen Corp.*, 161 F.3d 1226,

---

[1] Ayoob's testimony was offered and received at the May 30, 2023 Pretrial Conference.

5 – ORDER

1230–31 (9th Cir. 1998); *see also Best v. Lowe's Home Centers, Inc.*, 563 F.3d 171, 181–82 (6th Cir. 2009). Defendants can challenge the alleged methodological deficiencies on cross-examination. However, Plaintiffs are advised that, while Hlebinsky may offer opinions as to what kinds of firearm regulations existed during the relevant historical time periods, how and why those regulations came into existence, and what burdens those regulations imposed at the time, she may not offer opinions as to whether those regulations are "relevantly similar" to BM 114—she may not opine on whether BM 114 and historical regulations "impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified," *Bruen*, 142 S. Ct. at 2133, as that is an ultimate issue of law, *see Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004).

### 4. Gary Kleck

DENIED as moot. Plaintiffs' counsel represented at the Pretrial Conference that Kleck has been withdrawn as a witness in this case.

## D. Plaintiffs' *Daubert* Motions

### 1. Impermissible Legal-Interpretation or Legal-Conclusion Testimony

DENIED. Plaintiffs move to exclude Brennan Rivas and Robert Spitzer's testimony in its entirety and Brian DeLay's third opinion on the basis that these experts offer impermissible legal-interpretation or legal-conclusion testimony. As this Court previously stated, Defendants' experts may offer opinions as to what kinds of firearm regulations existed during the relevant historical time periods, how and why those regulations came into existence, and what burdens those regulations imposed at the time. However, Defendants are advised that their experts may not offer opinions as to whether those regulations are "relevantly similar" to BM 114, *Bruen*, 142 S. Ct. at 2131—they may not opine on whether BM 114 and historical regulations "impose a

comparable burden on the right of armed self-defense and whether that burden is comparably justified," *id*., at 2133, as that is an ultimate issue of law, *see Hangarter*, 373 F.3d at 1016. DeLay's third opinion that "[i]n [passing laws regulating LCMs in the 1920s and 1930s], these lawmakers acted consistently with American tradition and practice dating back to the early colonial era" is not an opinion on an ultimate issue of law. DeLay may offer an opinion as to what this Nation's historical tradition of firearm regulation entailed and whether *historical regulations* fell within this tradition; however, DeLay may not offer an opinion as to whether *BM 114* falls within this tradition.

### 2. Irrelevant Interest Balancing or Generalized Policy Inquiries

DENIED. Plaintiffs move to exclude Mackenzie Cook, Michael Siegel, Lucy Allen, David McDowall, and Kevin Sweeney's testimony in its entirety and Louis Klarevas's first, second, and fifth opinions on the basis that these experts offer testimony that is irrelevant under the new analytical framework set forth in *Bruen*. First, with respect to Allen and McDowall, understanding whether LCMs are actually used in self-defense situations is relevant to determining whether LCMs are in common use for lawful purposes such as self-defense. *Bruen*, 142 S. Ct. at 2134; *see also Heller*, 554 U.S. at 624. Second, with respect to Sweeney, understanding what firearms existed during the relevant historical time periods is relevant to determining whether BM 114 is consistent with this Nation's historical tradition of firearm regulation. *Heller* did not, as Plaintiffs suggest, foreclose as "bordering on the frivolous" a court's consideration of what arms were in existence in the 18th century—rather, the Supreme Court in *Heller* said that "[s]ome have made the argument, bordering on the frivolous, that *only* those arms in existence in the 18th century are protected by the Second Amendment." *Heller*, 554 U.S. at 582 (emphasis added). Third, with respect to Cook, Siegel, and Klarevas, as this

Court previously mentioned, Defendants' interest in public safety, including evidence regarding the prevalence and nature of mass shootings and the types of injuries caused by LCMs, is relevant to the extent that this Court needs to determine whether LCMs constitute a "dramatic technological change[]" and whether BM 114 seeks to address an "unprecedented societal concern[]." *Bruen*, 142 S. Ct. at 2132. This evidence is also relevant to determining whether BM 114 is consistent with this Nation's historical tradition of firearm regulation and, in doing so, considering whether BM 114 and historical regulations "impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified." *Bruen*, 142 S. Ct. at 2133. And as this Court also previously noted, Defendants' interest in public safety is also relevant to Plaintiffs' Fifth Amendment Takings Clause claim. *See Mugler*, 123 U.S. at 668–69; *Lucas*, 505 U.S. at 1027.

### 3. Expert-Specific Objections

DENIED. Plaintiffs move to exclude Dennis Baron and Kevin Sweeney's testimony in its entirety and Michael Siegel's opinion that discretionary denials of permits reduce gun violence on the basis that the opinions lack foundation or are unreliable. Plaintiffs' arguments go to the weight rather than the admissibility of the testimony. *See Kennedy*, 161 F.3d at 1231; *Alaska Rent-A-Car, Inc.*, 738 F.3d at 968–69; *see also Best*, 563 F.3d at 181–82. Plaintiffs can challenge the alleged methodological deficiencies on cross-examination.

**IT IS SO ORDERED.**

DATED this 31st day of May, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge