Shawn M. Lindsay
shawn@jurislawyer.com
Daniel J. Nichols
dan@jurislawyer.com
JurisLaw LLP
Three Centerpointe Drive, Suite 160
Lake Oswego, OR 97035
Telephone: (503) 968-1475

*Attorneys for Eyre Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| OREGON FIREARMS FEDERATION, INC., et al., <br><br>             Plaintiffs, <br><br>     v. <br><br> TINA KOTEK, et al., <br><br>             Defendants. | Case No. 2:22-cv-01815-IM *(Lead Case)* <br> Case No. 3:22-cv-01859-IM *(Trailing Case)* <br> Case No. 3:22-cv-01862-IM *(Trailing Case)* <br> Case No. 3:22-cv-01869-IM *(Trailing Case)* <br><br> CONSOLIDATED CASES <br><br> **PLAINTIFFS' OBJECTION TO DR. SIEGEL'S TESTIMONY ON EFFICACY OF PERMITTING REGIMES** |
| MARK FITZ, et al., <br><br>             Plaintiffs, <br><br>     v. <br><br> ELLEN F. ROSENBLUM, et al., <br><br>             Defendants. | |
| KATERINA B. EYRE, et al., <br><br>             Plaintiffs, <br><br>     v. <br><br> ELLEN F. ROSENBLUM, et al., <br><br>             Defendants. | |
| DANIEL AZZOPARDI, et al., <br><br>             Plaintiffs, <br><br>     v. <br><br> ELLEN F. ROSENBLUM, et al., <br><br>             Defendants. | |

Plaintiffs object to the testimony of Dr. Siegel regarding the real-world efficacy of permitting regimes. Based on this Court's oral and written Orders on June 1 and June 2, 2023, the proposed testimony is irrelevant to the questions this Court has ruled are at issue in this trial.

Plaintiffs' Counts I and II challenge Measure 114's permitting regime under the Second and Fourteenth Amendments. Plaintiffs sought to introduce evidence of how the regime will actually work in practice, to show that Oregon will not be able to implement the regime in a constitutional manner. Part of the evidence Plaintiffs intended to introduce to that end would have shown how the existing Oregon background-check and concealed-handgun-license regimes work, and specifically would have shown the severe wait times to which citizens are subjected under those regimes, which in reality far exceed what the text of the relevant statutes contemplates. This Court, however, made clear in its Order that it "will not consider evidence beyond the text of the statute," and that such "extrinsic evidence" (e.g., evidence about how other permitting regimes in and out of Oregon actually work) "would risk wasting time under [Rule] 403." ECF 234 at 5.

At the June 2 hearing, the Court confirmed on the record the contours of the Court's Order with respect to the admissibility of evidence beyond the plain text of Measure 114 vis-à-vis Plaintiffs' Counts I and II. *See, e.g.*, (Rough) [Tr. 15-16] (defining the "universe of information" that it would "consider for a facial challenge is the statute itself"). Specifically, the Court confirmed that "evidence about the implementation of Oregon's concealed handgun permit requirements or … implementation of the permit regime under Ballot measure 114" cannot be introduced at this trial, (Rough) [Tr. 7:8-11], because, in the Court's view, such evidence "go[es] to an as-applied challenge and so … would be excluded," (Rough) [Tr. 8:8-11]. When asked if Defendants disagreed with that view, Defendants clearly responded: "We agree." (Rough) [Tr. 10:7].

Despite this Court's clear rulings, Defendants have stated that they intend to call Dr. Siegel not only to discuss the efficacy of other permitting regimes in terms of reducing firearm violence, but also to opine that Measure 114's permitting regime will be similarly effective. Such testimony would be consistent with the testimony offered in Dr. Siegel's declaration, which states: "I have been asked to evaluate whether, in my opinion … state laws that require state permits for the purchase or possession of a gun are effective in reducing firearm violence …." Siegel Decl. ¶11. To be clear, the other state laws Dr. Siegel has evaluated, and on which his opinion rests, are *current* laws; his analysis is of the purported benefits of present-day permitting regimes.

In light of this Court's Orders, the problem with this testimony should be obvious. The *actual* efficacy of other states' permitting regimes (and Oregon's other licensing regimes) depends on how those regimes *actually* are implemented. So, in order to have a rational opinion on whether the efficacy of those laws tells us anything about the potential efficacy of Measure 114's permitting regime, Dr. Siegel inevitably must make assumptions about how Measure 114 will be implemented. The testimony Defendants intend to elicit is thus not just extrinsic evidence about Measure 114's permitting scheme and the effect of its implementation outside the "universe" of the Ballot Measure's text, but *exactly* the sort of evidence Plaintiffs have been barred from offering.

Simply put, for Dr. Siegel to testify about the real-world effect of Measure 114, he necessarily must testify about how Measure 114 will be implemented. Indeed, in his deposition testimony, Dr. Siegel made clear that he thinks "the best way to estimate what the likely effect of Oregon's law would be is to look at the experience of other jurisdictions":

> [Q.] … Did you consider specific provisions of Oregon Measure 114[,] or is your opinion more generally about permit-to-purchase programs?
>
> A. Well, the -- well, first of all, I did consider and, you know, look at Oregon's law, but I believe that the best way to estimate what the likely effect of Oregon's law would be is to look at the **experience** of other jurisdiction that have a permitting

> scheme, and based on that, you know, I listed all the studies in table B and we can look at the range of estimates, but I would **expect** that that **would be** the **experience** that Oregon would have. There's no reason for me to believe that somehow Oregon **would experience** something different from other states that have permitting schemes.

Siegel Depo. Tr. 61:10-25 (emphases added). That deposition testimony was not a slip of the tongue in the heat of the moment. To the contrary, it is entirely consistent with Dr. Siegel's declaration, in which Dr. Siegel clearly linked his opinion on the "effective[ness]" of "permitting process[es]" with how the permitting regimes that exist actually work on the ground:

> There is strong evidence that **background checks** conducted through a gun permitting process are **more effective** than stand-alone background checks conducted at point-of sale without a permit requirement. This is likely **because permitting involves a more intensive and localized examination** of an applicant's criminal history and is more likely to pick up disqualifying misdemeanor offenses than a federal background check. Thus, I conclude that not only do state permitting laws reduce overall and firearm homicide, but they also help to **enhance the background check system that is in place** in all states.

Siegel Decl. ¶49 (emphasis added); *see also* Siegel et al., *The Relation Between State Gun Laws and the Incidence and Severity of Mass Public Shootings in the United States, 1976-2018*, 44 Law and Human Behavior 347, 349 (2022) (citing Oregon's CHL regime), https://content.apa.org/record/2020-78672-001; Siegel Decl. at 25 & n.55 (relying on same).

This Court has excluded evidence about the implementation of Measure 114's permitting regime, as well as the real-world experience of the existing background check and concealed handgun license laws in Oregon and other states. It is simply not possible for Dr. Siegel's testimony about the *anticipated effect* of Measure 114's permitting regime on real-world violence to be severed from discussion about Measure 114's implementation. Nor can Dr. Siegel compare Measure 114's permitting regime's effects with the efficacy of other permitting schemes without straying well beyond the text of the statute itself. Thus, Dr. Siegel should not be allowed to testify

about the effectiveness of other permitting regimes or opine about how effective Measure 114's permitting regime will be.

If Dr. Siegel is nonetheless permitted to so testify, then Plaintiffs renew their offer of evidence (already excluded by the Court) regarding the actual implementation and efficacy of Measure 114 and related permitting schemes, including the licensing regimes on top of which Measure 114 is built. Otherwise, Plaintiffs will be unable to show the Court that the assumptions and analysis performed by Dr. Siegel are based on faulty premises.

Plaintiffs therefore respectfully request that this Court either exclude the proposed testimony of Dr. Siegel regarding the real-world efficacy of other permitting regimes and the potential efficacy of Measure 114's regime, or allow Plaintiffs to offer countervailing evidence.

DATED:  June 5, 2023                                    JURISLAW LLP

Paul D. Clement*                                       s/ Daniel J. Nichols
Erin E. Murphy*                                        Shawn M. Lindsay (OSB No.: 020695)
Matthew D. Rowen*                                      Daniel J. Nichols (OSB No.: 101304)
Nicholas M. Gallagher*                                 Three Centerpointe Drive
Clement & Murphy, PLLC                                 Suite 160
706 Duke Street                                        Lake Oswego, OR 97035
Alexandria, VA 22314                                   (503) 968-1475
(202) 742-8900                                         shawn@jurislawyer.com

* admitted *pro hac vice*                              *Counsel for Eyre Plaintiffs*


s/ Stephen Joncus                                      s/ Leonard W. Williamson
Stephen J. Joncus, OSB #013072                         Leonard W. Williamson, OSB #910020
JONCUS LAW PC                                          VAN NESS WILLIAMSON LLP
13203 SE 172nd Ave Ste 166 #344                        960 Liberty St. SE, Ste 100
Happy Valley, OR  97086                                Salem, OR 97302
(971) 236-1200                                         (503) 365-8800
steve@joncus.net                                       l.williamson@vwllp.com

                                                       *Counsel for OFF Plaintiffs*

s/ James L. Buchal
James L. Buchal, OSB #910020
MURPHY & BUCHAL LLP
PO Box 86620
Portland, OR 97286
(503) 227-1011
jbuchal@mbllp.com

*Counsel for Fitz and Azzopardi Plaintiffs*

**ATTORNEY CERTIFICATE OF SERVICE**

       I hereby certify that on June 5, 2023, I have made service of the foregoing **PLAINTIFFS' OBJECTION TO DR. SIEGEL'S TESTIMONY OF PERMITTING REGIMES** of the party listed below in the manner indicated:

| | |
|---|---|
| Matthew D. Rowen<br>Erin E. Murphy<br>Nicholas M. Gallagher<br>Paul D. Clement<br>Clement & Murphy, PLLC<br>706 Duke Street<br>Alexandria, VA 22314<br>*Attorney for Eyre Plaintiffs* | ☐ U.S Mail<br>☐ Facsimile<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☐ Email:<br>matthew.rowen@clementmurphy.com;<br>erin.murphy@clementmurphy.com;<br>nicholas.gallagher@clementmurphy.com;<br>paul.clement@clementmurphy.com<br>☒ Electronically via USDC CM/ECF system |
| Jessica A. Skelton<br>Zachary J. Pekelis<br>Kai Smith<br>W. Scott Ferron<br>Pacific Law Group LLP<br>1191 Second Avenue, Suite 2000<br>Seattle, WA 98101-3404<br>*Attorney for Proposed Intervenor-Defendant*<br>*Oregon Alliance for Gun Safety* | ☐ U.S Mail<br>☐ Facsimile<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☐ Email:<br>jessica.skelton@pacificlawgroup.com;<br>zach.pekelis@pacificlawgroup.com;<br>kai.smith@pacificlawgroup.com;<br>scott.ferron@pacificlawgroup.com<br>☒ Electronically via USDC CM/ECF system |
| James L. Buchal<br>Murphy & Buchal<br>PO Box 86620<br>Portland, OR 97286<br>*Attorney for Fitz Plaintiffs* | ☐ U.S Mail<br>☐ Facsimile<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☐ Email: jbuchal@mbllp.com<br>☒ Electronically via USDC CM/ECF system |
| William Bergstrom<br>Cooper & Kirk, PLLC<br>1523 New Hampshire Avenue, NW<br>Washington, DC 20036<br>*Attorney for Fitz Plaintiffs* | ☐ U.S Mail<br>☐ Facsimile<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☐ Email: wbergstrin@cooperkirk.com<br>☒ Electronically via USDC CM/ECF system |
| D. Angus Lee<br>Angus Lee Law Firm, PLLC<br>9105A NE HWY 99, Suite 200<br>Vancouver, WA<br>*Attorney for Fitz Plaintiffs* | ☐ U.S Mail<br>☐ Facsimile<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☐ Email: Angus@AngusLeeLaw.com<br>☒ Electronically via USDC CM/ECF system |
| James L. Buchal | ☐ U.S Mail |

CERTIFICATE OF SERVICE                                               7

Murphy & Buchal
PO Box 86620
Portland, OR 97286
*Attorney for Azzopardi Plaintiffs*

☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☐ Email: jbuchal@mbllp.com
☒ Electronically via USDC CM/ECF system

William Sack
Firearms Policy Coalition, Inc.
5550 Painted Mirage Rd., Suite320
Las Vegas, NV 89149
*Attorney for Azzopardi Plaintiffs*

☐ U.S Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☐ Email: Wsack@FPClaw.org
☒ Electronically via USDC CM/ECF system

Adam Kraut
Second Amendment Foundation
12500 NE Tenth Place
Bellevue, WA 98665
*Attorney for Azzopardi Plaintiffs*

☐ U.S Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☐ Email: akraut@saf.org
☒ Electronically via USDC CM/ECF system

D. Angus Lee
Angus Lee Law Firm, PLLC
9105A NE HWY 99, Suite 200
Vancouver, WA
*Attorney for Azzopardi Plaintiffs*

☐ U.S Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☐ Email: Angus@AngusLeeLaw.com
☒ Electronically via USDC CM/ECF system

Stephen J. Joncus
Joncus Law LLC
13203 SE 172nd Ave, Ste 166 #344
Happy Valley, OR 97086
*Attorney for OFF Plaintiffs*

☐ U.S Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☐ Email: steve@joncus.net
☒ Electronically via USDC CM/ECF system

Leonard W. Williamson
Van Ness Williamson
960 Liberty Street S, Suite 100
Salem, OR 97302
*Attorney for OFF Plaintiffs*

☐ U.S Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☐ Email: l.williamson@vwllp.com
☒ Electronically via USDC CM/ECF system

Pete Serrano
Silent Majority Foundation
5238 Outlet Drive
Pasco, WA 99301
*Attorney for OFF Plaintiffs*

☐ U.S Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☐ Email: pete@silentmajorityfoundation.org
☒ Electronically via USDC CM/ECF system

Jessica A. Skelton
Zachary J. Pekelis
Kai Smith
W. Scott Ferron
Pacific Law Group LLP

☐ U.S Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier

CERTIFICATE OF SERVICE                                                                 8

1191 Second Avenue, Suite 2000
Seattle, WA 98101-3404
*Attorney for Proposed Intervenor-Defendant*
*Oregon Alliance for Gun Safety*

☐ Email:
jessica.skelton@pacificlawgroup.com;
zach.pekelis@pacificalawgroup.com;
kai.smith@pacificlawgroup.com;
scott.ferron@pacificalawgroup.com
☒ Electronically via USDC CM/ECF system

Brian Simmonds Marshall
Oregon Department of Justice
Trial Division
Special Litigation Unit
100 SW Market Street
Portland, OR 97201
*Attorney for Defendants*

☐ U.S Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☐ Email: brain.s.marshal@doj.state.or.us
☒ Electronically via USDC CM/ECF system

Erin N. Dawson
Hannah Hoffman
Harry B. Wilson
Markowitz Herbold PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
*Attorney for Defendants*

☐ U.S Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☐ Email:
erindawson@markowitzherbold.com;
HannahHoffman@markowitzherbold.com;
harrywilson@markowitzherbold.com
☒ Electronically via USDC CM/ECF system

DATED:  June 5, 2023

JURISLAW LLP

s/Daniel J. Nichols
Daniel J. Nichols (OSB No.: 101304)
Three Centerpointe Drive
Suite 160
Lake Oswego, OR 97035
(503) 968-1475
dan@jurislawyer.com

*Counsel for Eyre Plaintiffs*